# NEWPORT NEWS AND MISSISSIPPI VALLEY COMPANY *v.* PACE.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.

No. 228. Argued January 31, 1895.—Decided April 22, 1895.

The fact that objections are made to the admission or exclusion of evidence and overruled is not sufficient, in the absence of exceptions, to bring them before the court.

It is the duty of counsel excepting to propositions submitted to a jury, to except to them distinctly and severally, and where they are excepted to in mass the exception will be overruled if any of the propositions are correct.

There is nothing in this case to take it out of the operation of these well-settled rules.

THIS was an action for damages instituted by Pace, a citizen of Tennessee, against the Newport News and Mississippi Valley Company and the Chesapeake, Ohio and Southwestern Railroad Company, in the circuit court of Dyer County, Tennessee, and subsequently removed into the Circuit Court of the United States for the eastern division of the Western District of Tennessee by the Newport News and Mississippi

Valley Company, under the fourth paragraph of section 2 of the act of August 13, 1888, (25 Stat. 433, c. 866,) on the ground of prejudice or local influence. Soon after the removal the case was discontinued as to the Chesapeake, Ohio and Southwestern Railroad Company. The trial resulted in a verdict and judgment in favor of Pace, whereupon a writ of error was brought.

*Mr. Maxwell Evarts* for plaintiff in error. *Mr. Holmes Cummins* was with him on the brief.

*Mr. Hamilton Parks* for defendant in error. *Mr. Henry W. McCorry* was with him on the brief.

Mr. Chief Justice Fuller, after stating the case as above, delivered the opinion of the court.

Errors are assigned to the admission of evidence "against defendant's objection," and "notwithstanding objection by the defendant," but the bill of exceptions does not show any exception taken to the overruling of these objections. It is also claimed that in a particular instance evidence offered by defendant was improperly excluded, "on plaintiff's objection," but no exception to the action of the court appears to have been preserved.

The questions sought to be raised cannot, therefore, be considered, as the settled rule is, as stated by Mr. Chief Justice Taney in *United States* v. *Breitling*, 20 How. 252, 254, that the fact that objections are made and overruled is not sufficient, in the absence of exceptions, to bring them before the court.

Errors are also assigned to parts of the charge, and here, again, it was long ago determined that it is the duty of counsel excepting to propositions submitted to a jury to except to them distinctly and severally, and that where they are excepted to in mass the exception will be overruled, provided any of the propositions be correct; *Rogers* v. *The Marshal*, 1 Wall. 644; *Harvey* v. *Tyler*, 2 Wall. 328; *Block* v. *Darling*, 140 U. S. 234, 238; *Jones* v. *East Tennessee &c. Railroad*, 157 U. S. 684;

while a general exception taken to the refusal of a series of instructions will not be considered if any one of the propositions be unsound. *Bogk* v. *Gassert*, 149 U. S. 17, 26, and cases cited.

Pace was a cattle drover and dealer in live stock. September 19, 1890, he shipped at Obion, Tennessee, a station on the line of the Newport News and Mississippi Valley Company, a carload of cattle to be carried to Louisville, Kentucky. He entered into a contract with the company to pay it forty dollars as the cost of the transportation of the stock, which included his own carriage on the train to attend and care for the cattle. The following night, while the train was passing over the road, it became uncoupled, and the rear end, where Pace was in the caboose, stopped, while the engine and forward cars ran ahead. Evidence was given tending to show that at the time the train broke in two, Pace was warned by the conductor and the brakeman of the danger of another train following them, which might not be signalled in time to prevent a collision, and that safety required him to get off, but all this was denied by Pace. The proper signals were not given, and shortly thereafter a train also going toward Louisville ran into the train on which Pace was travelling, and he was injured.

The bill of exceptions states:

" The defendant requested the court to instruct the jury as follows : ' If you find from the proof that just previous to the collision plaintiff was warned by the conductor and brakeman of the danger of going to sleep or remaining in the car in which he had been riding while it was standing on the track, and if you further find that plaintiff, after being so warned, then could have escaped, such negligence then will bar him from such recovery ; or, if you find from the proof that the plaintiff was told by the conductor and brakeman of the danger, and that he had time after such warning to avoid the danger and neglected to do so, that would prevent his recovery from the company ; ' which requests were granted. However, the court qualified the defendant's request as follows: ' But if you find that after the train broke loose the conductor came

back and told the brakeman to go back and flag, and then told Pace the train was following, and for fear of accident he had better watch out for it, and if he saw it to get out of the way, this would not be such warning as would make plaintiff's negligence contributory unless he knew of the danger in time to get out and avoid the injury; and in considering this you will consider that plaintiff had a right to rely upon the rules being obeyed and all proper precautions being taken to warn the approaching train of the obstruction and delay, such as prudence required the management to adopt, and he must have been warned about the necessity for leaving the caboose before negligence contributing to the injury can be attributed to him. You must find not only the fact that plaintiff was warned, but that the warning came to him in such words and under such circumstances that a reasonable man, using ordinary care for his own safety, could have avoided the danger; if so, he cannot recover.' To which defendant excepted; and defendant further excepted to the charge as given as follows: 'You cannot have any very satisfactory scale of measurement to fix it (plaintiff's damage) by. It is of such a character that no intelligent mind can find anywhere any satisfactory fixed standard of judgment.' . . . 'You look into the character and extent of the injury, to its duration in point of time, and in every way you can conceive from this proof that Mr. Pace can be physically affected by the injury received by him.' . . . 'On the other hand, the defendant is not going to produce any doctor with an opinion that Pace's injuries are serious and so they bring up another class of doctors. That is natural for the defendant to do, and there is nothing wrong about it; but . . . you, gentlemen of the jury, are to take the testimony of the doctors on both sides and weigh it in view of the fact that they are such witnesses as we call experts, and are produced to you under the circumstances I have mentioned.' 'In consideration of this question of damages according to Mr. Pace's character, it is quite easy for a jury, or for anybody to be misled. A railroad company has no more right to kill a worthless vagabond, when accepted as a passenger, than to kill the President of the United States.'

Its obligation is just the same to carry him safely, and his right to compensation just the same; but you will see that, when you go to determine the amount of damages that has been inflicted upon one by such an injury, his character is a very important element in it. A man who is worthless and never earns a dollar, but is a burden upon his family — a vagabond and a trifling, worthless fellow — certainly is not worth as much as some man who is the opposite of all that — a worthy citizen, a good man, and a blessing to his family, a blessing to the community; and you have a right, in determining the question of the amount of damages, to look to the quality of the thing that has been injured, and for that reason proof has been admitted before you so that you may know just what manner of man Mr. Pace is, and so that you may say how much his character and qualities as a man may be regarded in measuring these damages against the railroad company for its negligence, if he has not contributed to it.'"

As to the qualification of the instructions in respect of the alleged warning, the exception was too general. There was a conflict of evidence on the point, and if what was said to Pace, if anything, did not apprise him of the danger and the necessity for leaving the caboose in order to avoid it, his right to recover would not be defeated on the ground of contributory negligence in that regard. Nor was the exception to the other instructions well taken, tested by the rule that if one proposition of several is correct, and all are excepted to en masse, the exception cannot be sustained.

The jury were properly told to look into the character of the evidence on the question of damages, the extent of the injury, its duration in point of time, and the proof showing how Pace was physically affected by it, yet that was as much excepted to as the other observations of the court.

We see no reason for declining to apply the settled rule upon this subject.

*Judgment affirmed.*