# UNION PACIFIC RAILWAY COMPANY *v.* CAL- LAGHAN.

ERROR TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 271. Submitted January 22, 1896. — Decided March 2, 1896.

When the bond, in a case brought here by writ of error, is defective, this court will generally allow a proper bond to be filed, if necessary.

An exception to the refusal of the trial court to find for the defendant is, waived, if made by defendant without resting his case.

Where propositions submitted to a jury are excepted to in mass, the exception will be overruled provided any of the propositions be correct.

Where a general exception is taken to the refusal of a series of instructions, it will not be considered if any one of the propositions is unsound.

THIS was an action brought by James Callaghan against the Union Pacific Railway Company, in the Circuit Court of the United States for the District of Colorado, to recover damages for injuries received by him through the alleged negligence of defendant. The evidence tended to establish these facts : On August 18, 1890, a repair train operated by defendant, consisting of five flat cars, loaded with timber to be used in repairing bridges, three box cars, and a caboose, in running from Trinidad to Trinchera, went through a defective bridge, and Callaghan, who was riding on the train, was injured.

Heavy storms had prevailed during the preceding week, causing extensive washouts and damages to the roadbed and bridges, so that none but repair trains had passed over the line between Trinidad and Trinchera for three days.

Callaghan was a section foreman on a branch railroad from Trinidad to Sopris, and some time on August 17 he received orders from the superintendent of the railway company to take all the men in his section and assist in repairing the line between Trinidad and Trinchera, and accordingly went to Trinidad, where he was joined by some other section foremen with their crews, all being under one De Remer, a contractor

in the employment of the company, who had been called in to assist in repairing the road, but who had no control over the management of the train, which was in charge of a conductor with an engineer and fireman.

The train left Trinidad about five P.M., Sunday, the 17th, pursuant to orders received from the superintendent, then at Trinchera, and who had that day examined the bridge, which subsequently fell, but so far as appeared gave no directions or warning to De Remer, or the trainmen, in respect of its condition. The train proceeded slowly during the night, De Remer and a track walker going in front with a lantern, and before morning they found one bridge washed out and another rendered dangerous by floods, and repaired them. The bridge where the accident occurred was about half a mile north of Trinchera and three miles south of Adair, another station on the road. The approaches at each end of it had been washed away for over fifteen or twenty feet, so that it was unsafe. The foreman of that section discovered its condition on the 17th, and caused the usual danger signal, a red flag, to be placed along the road between the rails at about seven hundred feet north of the bridge, and its condition was known to the road master as well as to the superintendent before the train left Trinidad.

When the train reached Adair it was running about fifteen miles an hour. The section foreman was there and signalled the train to stop for the purpose of telling them about the bridge, and if it had stopped, would have done so. The engineer saw his signal and commenced to stop, and had slowed up to about four miles an hour, when the conductor signalled him to go ahead. The train then went on without giving the section foreman any opportunity to give information concerning the danger. The bridge could be seen for about nine hundred feet north on the road, but the engineer apparently neither saw its condition nor the red flag, but drove his train upon it, and the car upon which Callaghan was riding went through.

At the conclusion of defendant's evidence, except reading the rules, defendant asked the court to instruct the jury that

there was no evidence sufficient to warrant a verdict for plaintiff, which request was denied, and defendant excepted. Defendant then introduced in evidence the company's rule 227, which read as follows:

"In case of an extraordinary rain storm or high water, trains must be brought to a stop, and a man sent out to examine bridges, trestles, culverts and other points liable to damage, before passing over. Conductors will make careful inquiry at all stopping places, and, when thought advisable, make extra stops to ascertain the extent and severity of storms, taking no risk. In case of doubt as to the safety of proceeding, they will place their trains upon a siding, and remain there until certain it is safe to proceed."

Thereupon plaintiff offered to introduce evidence showing that there was a conductor on the train. Defendant then asked the court to give to the jury the following instructions:

"1. The court is asked to instruct the jury that, under the evidence in this case, the accident appears to have been caused by the failure of the engineer of the work train to observe the rules and regulations of the company in respect to running trains in cases of extraordinary floods, etc., and in his failure to observe the danger signal that, according to the evidence, had been placed in places where he ought to have seen the same in the exercise of the care that was required of him in respect thereto.

"2. The court is asked to instruct the jury that they are not at liberty to infer from the evidence in the case that the accident was caused by the negligence of the conductor in signalling the engineer to proceed after the train had slowed down, since such signal to the engineer in nowise released the engineer from care in respect to observance of all precautions necessary to prevent an accident under the circumstances, the evidence showing that the engineer must have been aware of the likelihood of danger at any place along the line.

"3. The court is asked to instruct the jury that the mere fact that the accident would not probably have happened if the conductor had allowed the train to be brought to a stop at Adair, affords no ground for saying that not stopping the

train at Adair was the cause of the accident, since it is true that if the train had not started from Trinidad or Adair or run at all the accident would not have happened, and the mere fact of starting the train, or continuing the train in motion after it had started, does not make the running of the train under those circumstances the proximate cause of the accident by which the plaintiff was injured.

"4. The court is asked to instruct the jury, that the jury are not at liberty to infer, or even from the mere fact that the conductor gave signal to proceed after the engineer had slowed up at Adair was the proximate cause of the injury to the plaintiff, since such signal to proceed can be held to proceed in precisely the same manner as the engineer was bound to proceed under the rules and regulations of the company under which he was acting, and in view of what the engineer knew of the dangers he was bound to apprehend from the floods, etc., that had existed for some days prior to the accident; and that even if the jury believe from the evidence it was negligent in the conductor to proceed after he had slowed down, yet the plaintiff will not be entitled to recover because of such negligence of the conductor unless they further believe from the evidence that such negligence was the proximate cause of the injury."

The record then states: "But the court refused to give each and every of said instructions; to which ruling of the court, the defendant, by its counsel, then and there duly excepted." The court thereupon charged the jury at large upon the whole case. No exception was taken to any part of the charge. The jury found for plaintiff, judgment was entered on the verdict, the cause taken on error to the Circuit Court of Appeals for the Eighth Circuit, and the judgment affirmed. 56 Fed. Rep. 988. This writ of error was then allowed and a supersedeas bond given and approved, in which no penal sum was named. A motion to dismiss or affirm was submitted. Callaghan subsequently died and the cause was revived in the name of Anna Callaghan, administratrix, etc.

*Mr. C. S. Thomas* and *Mr. W. H. Bryant* for the motion.

*Mr. John F. Dillon* and *Mr. John M. Thurston* opposing.

Mr. Chief Justice Fuller delivered the opinion of the court.

We should not dismiss this writ of error on account of the defective character of the bond but allow a proper bond to be filed, if necessary, which in this instance it is not, as the motion to affirm must be sustained.

It is settled that an exception to the refusal of the trial court to instruct the jury to find for the defendant is waived if made by defendant without resting his case. The question goes to the sufficiency of the evidence, and that is, of course, of the entire evidence. *Columbia & Puget Sound Railroad* v. *Hawthorne*, 144 U. S. 202, 206. After defendant's motion for an instruction in its favor was denied, it put in evidence its rule 227, which manifestly might have had an important bearing. The motion was not renewed, and we think the action of the court cannot be assigned for error.

Again, it is firmly established that where propositions submitted to a jury are excepted to, in mass, the exception will be overruled provided any of the propositions be correct, and where a general exception is taken to the refusal of a series of instructions, it will not be considered if any one of the propositions is unsound. *Newport News and Mississippi Valley Co.* v. *Pace*, 158 U. S. 36. It was contended by defendant that the accident was the result of the engineer's negligence alone, and that, therefore, plaintiff could not recover. In the light of the evidence the first instruction requested by defendant was properly refused, and, without considering the others, the exception as taken to the ruling of the court must fail. And no exception was saved to any of the instructions given by the court on the whole case.

*Judgment affirmed.*