LINEHAN RAILWAY TRANSFER CO. v. MORRIS et al.

(Circuit Court of Appeals, Seventh Circuit. June 3, 1898.)

No. 474.

1. APPEAL AND ERROR—FAILURE TO SAVE EXCEPTIONS.
   No advantage can be taken in an appellate court of alleged errors in the charge of the court below, where no exception has been taken.

2. SAME—SERIES OF INSTRUCTIONS—GENERAL EXCEPTIONS.
   Where only a general exception is taken to the refusal of a series of instructions, it will not be considered, if any one of the propositions is unsound.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

These were personal injury cases brought severally by the ·defendants in error, and consolidated on the trial. They were ship carpenters, and, at the time of receiving the injuries complained of, in the employment of the Marine-Ways Company, at Paducah, Ky., repairing a steamboat, and were working under the guards of the boat, on a scaffold built by the Marine-Ways Company. The plaintiff in error was at the same time engaged in hoisting heavy, squared timbers upon the deck of the boat, over the scaffold, by means of pile-driving machinery run by steam power and a derrick. The substance of the allegation in the declaration as to negligence is that while the plaintiffs were so engaged in hoisting a piece of timber, and when one end of the stick was suspended in the air, over the scaffold, the said stick of timber, by reason of the negligence of the defendant in attaching the same to the derrick, became detached from the derrick, and fell with great force upon the scaffold, where the plaintiffs were standing, and crushed it to the ground, thereby injuring the plaintiffs. There was a verdict for the plaintiff Morris for $2,500, and for Morgan for $100. The writs of error are brought to reverse the judgments severally rendered upon these verdicts.

James A. Connolly and Thomas C. Mather, for plaintiff in error.

James C. Courtney, for defendants in error.

Before WOODS and SHOWALTER, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge (after stating the facts as above). There are several assignments of error, only two of which are discussed and relied upon by the plaintiff in error in the brief of counsel, oral arguments having been waived. One of these relates to the general instructions given by the court to the jury, and the other to a series of special instructions asked for by the defendant on the trial, and which were refused by the court. But the difficulty with the case for the plaintiff in error is that these assignments of error are not supported by proper exceptions taken on the trial. The general charge of the court, printed in the record, seems intended to present the issue fully and fairly to the jury, in so much that no exception whatever was taken to it by either party on the trial. No exception being taken on the trial, no advantage can be taken here of any supposed errors in the charge. Hana v. Maas, 122 U. S. 24, 7 Sup. Ct. 1055; Stewart v. Cattle-Ranche Co., 128 U. S. 383, 9 Sup. Ct. 101.

The plaintiff in error is in no better condition as regards the special instructions requested. There were quite a number of special instructions asked for in mass, which were refused, perhaps, because the general charge was so full. A general exception only was taken to such refusal. It is the well-settled rule of this court that, where only a general exception is taken to the refusal of a series of instructions, it will not be considered if any one of the propositions is unsound. Railroad Co. v. Callaghan, 161 U. S. 91, 16 Sup. Ct. 493; Newport News & M. V. Co. v. Pace, 158 U. S. 36, 15 Sup. Ct.743. Supposing, but not conceding, that this rule casts the burden upon the court to run through all these special requests, to find one that was properly refused, the court has not far to look in this case to find such an instruction. We think all of those relating to the use of the rope instead of a chain to hoist the logs are of this character, as the gist of negligence charged, as we have seen, did not lie in that direction. The first instruction asked was as follows:

"You have nothing to do with the question whether these timbers or squared logs might have been raised to the deck of the steamer H. S. McComb by some other means than a steam derrick. The plaintiffs complain that the defendant was guilty of negligence in using a rope instead of a chain while hoisting the timbers by means of a steam derrick."

This instruction was not sound, because not true, as no such issue was made by the pleadings. Under the declaration, the negligence may just as well have consisted in a negligent and improper use or handling of the rope, as in the use of a rope instead of a chain. There are other instructions, also, which will not bear close scrutiny, but it is not necessary to specify. If counsel are content with taking only a general exception to the refusal to give a series of special instructions, they cannot complain if the court does not exert itself extraordinarily in pointing out seriatim all the defects contained in such a series. Judgments affirmed.