NATIONAL BANK OF BOYERTOWN v. SCHUFELT.

(Circuit Court of Appeals, Eighth Circuit. April 24, 1906.)

No. 2,190.

1. JURY—JURORS—DISQUALIFICATION—PRIOR SERVICE—FEDERAL STATUTES.

Under the express provisions of Act Cong. June 30, 1879, c. 52, § 2, 21 Stat. 43 [Ind. T. Ann. St. 1899, § 4193], prior service is no ground for disqualification of a juror, unless such service was in the capacity of a petit juror.

[Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Jury, §§ 423–430.]

2. SAME—INDIAN TERRITORY.

Under Mansf. Dig. § 3995 [Ind. T. Ann. St. 1899, § 2675], declaring that no person shall be compelled to serve as a grand or petit juror more than one term in any one year, prior service as a juror is not a disqualification, but a personal exemption, which the person called to serve may urge or waive at his election.

3. WRIT OF ERROR—EVIDENCE—EXCEPTIONS.

The admission of evidence cannot be reviewed where no exception was reserved to the ruling.

4. REPLEVIN—INSTRUCTIONS—EVIDENCE.

Where in replevin to recover certain mortgaged cattle there was no claim that the marshal had not taken the cattle claimed by plaintiff, or that he had taken any that were not so claimed, an instruction making plaintiff's right to recover depend on whether its mortgage covered the cattle taken by the marshal under the writ was not erroneous; the record making it certain that the jury could not have understood the reference to the cattle taken under the writ as meaning anything other than the cattle claimed by the plaintiff.

5. SAME.

Where plaintiff sued to recover certain mortgaged cattle described as 326 head of three year old steers, located in a certain feed lot, which cattle subsequently became intermingled with cattle mortgaged to another, all of which were in defendant's possession, it was immaterial whether the cattle covered by plaintiff's mortgage were designated in an instruction by reference to their age or to their location at the date of the mortgage.

In Error to the United States Court of Appeals in the Indian Territory.

William H. Kornegay and Luther Perkins, for plaintiff in error.

Charles W. German, Edwin C. Meservey, and Cameron L. Orr, for defendant in error.

Before VAN DEVANTER, HOOK, and ADAMS, Circuit Judges.

VAN DEVANTER, Circuit Judge. This was an action in replevin instituted by the plaintiff in error to recover the possession of cattle to which he asserted a right of possession under a chattel mortgage. A trial before a jury resulted in a verdict for the defendant, and the judgment entered thereon was subsequently affirmed by the Court of Appeals of the Indian Territory. 82 S. W. 927. In the course of impaneling the jury it appeared that one Tiger, who was on the regular panel of petit jurors for that term, and who was offered as a juror in the case, had served as a juror in that court at a prior term and within a year, but whether his service had been as a grand juror or as a petit juror was not disclosed. The plaintiff challenged him for cause on the ground of his prior service, and the challenge was overruled. The plaintiff reserved an exception to the ruling, and afterward excluded him from the jury on a peremptory challenge. The other peremptory challenges accorded to the plaintiff were also used, but whether he was thus enabled to exclude from the jury all objectionable persons does not appear. Complaint is made of the overruling of the challenge for cause, and the matter is presented in the briefs as if its solution depended largely upon whether the statute of the United States declaring "no person shall serve as a petit juror more than one term in any one year" (Act June 30, 1879, c. 52, § 2, 21 Stat. 43; Ind. T. Ann. St. § 4193), or the statute of Arkansas (Mansfield's Dig. § 3995, Ind. T. Ann. St. 1899, § 2675), declaring "no person shall be compelled to serve as a grand or petit juryman more than one term in any one year," is controlling in the Indian Territory under the existing legislation of Congress. Act March 1, 1889, c. 333, § 8, 25 Stat. 784; Act June 30, 1879, c. 52, § 2, 21 Stat. 43; Act May 2, 1890, c. 182, §§ 29–31, 26 Stat. 93, 94; Act March 1, 1895, c. 145, §§ 6, 13, 28 Stat. 697, 698; Ind. T. Ann. St. 1899, §§ 8, 4193, 29, 30, 31, 50, 57. We do not, however, deem it necessary to consider which of the two statutes is controlling, because in neither event was the ruling erroneous. Under the federal statute, to operate as a disqualification the prior service must have been in the capacity of a petit juror, but, as before stated, it was not shown to have been of that character. Under the Arkansas statute, the prior service, whether as a grand or petit juryman, did not operate as a disqualification, but only as a personal exemption, which the person called as a juror could assert or waive as he chose.

Complaint is made of the admission of certain evidence on behalf of the defendant, but as no exception was reserved to the ruling, the plaintiff must be held to have acquiesced in it, and to have waived the objection made to the evidence. Hutchins v. King, 1 Wall. 53, 60, 17 L. Ed. 544; Railway Co. v. Heck, 102 U. S. 120, 26 L. Ed. 58; Rodriguez v. United States, 198 U. S. 156, 165, 25 Sup. Ct. 617, 49 L. Ed. 994.

These facts were disclosed at the trial: One Harrelson was the owner of two bunches of cattle, all of which were branded "Circle D" on the left hip. One bunch, containing approximately 326 head of three year old steers, was located in the feed lot on the Schufelt ranch three miles west of Lenapah, and the other, containing approximately 342 head of two year old steers, was located in Harrelson's Hog Shooter ranch, 10 miles southwest of Lenapah. In this situation Harrelson, on October 28, 1898, gave two chattel mortgages, one on each bunch of cattle. Each mortgage described the cattle covered by it in substantially the terms just mentioned, and stated that they constituted all the property of that description then owned or controlled by the mortgagor at the location named. The mortgage on the three year old cattle located in the feed lot on the Schufelt ranch came to be held by the plaintiff and the other by one Franklin. The number of cattle in each bunch was reduced by shipments and sales, which are not questioned, and the remaining cattle in the two bunches became intermingled. When the action in replevin was begun, the defendant, as agent of Franklin, was in possession of certain cattle which he insisted belonged to the bunch of two year olds which had been on the Hog Shooter ranch, but which the plaintiff insisted were part of the three year olds which had been located in the feed lot on the Schufelt ranch. The holder of each mortgage was conceded to be entitled to the possession of the cattle covered by it, and the chief question to be determined from the evidence was, were the cattle in dispute covered by the plaintiff's mortgage or by that of the defendant's principal, Franklin? In this state of the evidence the court instructed the jury:

"The question for you to decide in this case is whether the mortgage of the plaintiff, which is on the cattle above described as 326, covered the cattle levied upon by the marshal under the writ of replevin in this action, or any part of the same: that is, whether they, or any part of them, were located in the feed lot as described in the mortgage of October 28, 1898, now owned by plaintiff."

The plaintiff seeks to sustain an exception taken to this instruction, and, while the ground of the exception does not appear to have been stated at the time, it is urged that the instruction was erroneous in two respects: One that it made the plaintiff's right to recover depend upon whether its mortgage covered the cattle taken by the marshal under the writ of replevin, when there was no evidence as to what cattle had been taken under the writ; and the other that it made the plaintiff's right to recover depend upon the location of the cattle on October 28, 1898, the date when the two mortgages were given. Of the first point it is sufficient to say that, while it is true there was no specific evidence as to what cattle had been taken by the marshal under the writ of replevin, the record makes it altogether certain that the jury could not have understood the reference to the cattle taken under the writ to mean anything other than the cattle in dispute, or those sought to be recovered by the plaintiff. There was no suggestion that the marshal had not taken the cattle claimed by the plaintiff, or that he had taken any not so claimed. And in respect of the second point we think that, in view of the evidence re-

lating to the location of the cattle when the two mortgages were given, it was immaterial whether those covered by the plaintiff's mortgage were designated in the instruction by reference to their age or to their location at the date of the mortgage. In the light of the evidence and the terms of the mortgages, either means of designation would have been readily and correctly understood by the jury. This disposes of such of the assignments of error as are open to consideration by us, and, as they are not in our opinion well taken, the judgment is affirmed.