FIDELITY & CASUALTY CO. OF NEW YORK v. THOMPSON.

(Circuit Court of Appeals, Eighth Circuit. May 18, 1907.)

No. 2,435.

1. TRIAL—MOTION FOR DIRECTED VERDICT—DENIAL—WAIVER.
  A motion for a directed verdict at the conclusion of plaintiff's case in chief is waived by defendant's introduction of evidence in its own behalf.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 983.]

2. WRIT OF ERROR—REVIEW—NECESSITY OF EXCEPTION.
  A motion for a directed verdict at the close of all the evidence is waived, where a direct ruling thereon is not insisted on and no exception is reserved.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1583.]

**3. SAME—MOTION FOR NEW TRIAL—REVIEW—DISCRETION OF TRIAL COURT.**

The denial of a motion for a new trial in a federal court is an exercise of discretion which is not reviewable by the Circuit Court of Appeals.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3864.]

**4. INSURANCE—ACCIDENT POLICY—BLOOD POISONING.**

An accident policy covered, inter alia, blood poison sustained by physicians or surgeons resulting from septic matter introduced into the system through "wounds" suffered in professional operations. Plaintiff, a dentist, was operating on a patient, who suddenly coughed, and particles of septic matter from his mouth were thrown against the mucous membrane of plaintiff's eye. The septic matter, without abrading, penetrating or bruising the membrane, infected it and caused blood poisoning. *Held*, that plaintiff had not received any wound, within the meaning of the policy, and was not entitled to recover under such provision.

[Ed. Note.—Accident insurance, risks and causes of loss, see note to National Accident Society v. Dolph, 38 C. C. A. 3.]

**5. SAME—"WOUNDS"—DEFINITION.**

It was error for the court under such circumstances to charge that the term "wound" as used in the policy included any lesion of the body resulting from external violence, whether accompanied by a rupture of the skin or mucous membrane or not.

In Error to the Circuit Court of the United States for the District of Colorado.

George L. Nye (W. Scott Bicksler and Edmon G. Bennett, on the brief), for plaintiff in error.

Charles A. Murray (Thomas B. Stuart, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This writ of error challenges a judgment obtained by the assured upon a policy of accident insurance. By three several assignments of error we are asked to say that there was no substantial evidence to sustain a finding for the plaintiff, and therefore that a verdict for the defendant should have been directed. One of these relates to the denial of a motion for a directed verdict made by the defendant at the conclusion of the plaintiff's case in chief, another to the disposition of a like motion made at the conclusion of all the evidence, and the other to the denial of a motion for a new trial.

Of these assignments it is sufficient to observe that the first motion and the exception to its denial were waived, because the defendant proceeded to introduce evidence in its own behalf (School District v. Chapman [C. C. A.] 152 Fed. 887); that the second motion was also waived, because a direct ruling thereon was not insisted upon, and no exception was reserved in that connection (Newport News, etc., Co. v. Pace, 158 U. S. 36, 15 Sup. Ct. 743, 39 L. Ed. 887; National Bank of Boyertown v. Schufelt, 76 C. C. A. 187, 145 Fed. 509); and that error cannot be assigned upon the denial of the third motion, because in the federal courts a motion for a new trial is addressed to the sound discretion of the court (St. Louis Southwestern Ry. Co. v. Wainwright [C. C. A.] 152 Fed. 624). In these circumstances the

defendant is not in position to question the submission of the issues to the jury.

By the policy the plaintiff was insured "against disability * * * resulting directly, and independently of all other causes, from bodily injuries sustained through external, violent and accidental means," and it was declared therein:

"This policy, subject otherwise to all its terms and conditions, covers blood poisoning sustained by physicians or surgeons resulting from septic matter introduced into the system through wounds suffered in professional operations."

There was evidence tending to show that the plaintiff, as stated in the policy, was an operating dentist; that during the life of the policy a patient, upon whom he was in the act of professionally operating for affected teeth, suddenly coughed, and thereby particles of septic matter were conveyed from the patient's mouth to the conjunctiva, or mucous membrane, of the plaintiff's left eye; that the septic matter infected this membrane and was thus introduced into his system, and that he was in consequence wholly disabled from practicing his profession for a period of 10 weeks, and partially disabled for a succeeding period of 26 weeks. There was also evidence that he felt the impact of the particles upon the surface of the eye, but no evidence that it produced any pain at the time, or abraded, penetrated, broke, or bruised the conjunctiva, or that the septic matter was introduced into his system otherwise than through the process of infection, in like manner as if the particles had entered the nose, mouth, or throat and had lodged upon and infected the mucous membrane thereof. The defendant requested the court to include the following in its charge to the jury:

"You are instructed that, by the terms of the plaintiff's policy of insurance, it is made to cover blood poisoning sustained by a physician or surgeon resulting from septic matter introduced into the system through wounds suffered in professional operations; but you are also instructed that there is no evidence of the plaintiff having received any wound, and he must recover, if at all, upon other provisions of the policy."

But the court denied the request, and included in the charge the following definition of the word "wound," taken from the Century Dictionary:

"In surgery, a solution of the continuity of any of the tissues of the body, involving also the skin and mucous membrane of the part, caused by some external agent, and not the result of disease. In medical jurisprudence, any lesion of the body resulting from external violence, whether accompanied or not by rupture of the skin or mucous membrane—thus differing from the meaning of the word when used in surgery."

Exception was taken to the refusal to instruct as requested, and to the definition given to the word "wound," and error is assigned upon both.

Without doubt, it is essential to a right of recovery under the provision relating to blood poisoning that the septic matter should have been introduced into the system through a wound; and this much, as we understand it, is conceded by counsel for the plaintiff. What, then, is a wound within the meaning of this provision? No purpose would

be served by stating the various meanings ascribed to the word by lexicographers, writers on medical jurisprudence, and judges, for they all recognize that one of its well-recognized meanings—that principally employed in surgery—includes an abrasion, breach, or rupture of the skin or mucous membrane, whereby animal venom or virus, or some impure, poisonous, or irritating matter, may gain entrance to the underlying tissues and contaminate the blood; and this, as we think, is the sense in which it is employed in this provision. It is there used only in respect of physicians and surgeons when performing professional operations, and then only in respect of a bodily injury through which septic matter may be introduced into the system and result in blood poisoning. Plainly, therefore, it refers to such a wound as removes the protection given to the tissues and blood by the skin and mucous membrane and so permits of the introduction of septic matter capable of poisoning the blood; in other words, it refers to an abrasion, breach, or rupture of the natural covering through which the septic matter may gain entrance. As so employed, it does not embrace such a wound as is described in the latter portion of the definition given in the charge, and does not include the blowing against the eye of that which does not mechanically abrade, break, or rupture the conjunctiva, but merely communicates to it an infectious disease by contact with its outer surface. So far as is disclosed by the evidence, the immediate mechanical effect of the particles blown into the plaintiff's eye was not different from what it would have been if they had consisted of so much pure rain water; they did not wound it, but infected it from the exterior, operating in like manner as do some other species of infecting matter when they come in contact with the unbroken skin or mucous membrane of other parts of the body. Indeed, it appears that the pathogenic germs in what was blown into the eye were chiefly pneumococci, which, if carried into the lungs, produce pneumonia; but it would not be said in such a case that the infection of the lungs was through a wound.

Our conclusion is that the instruction requested should have been given, and also that the latter part of the definition which was given to the word "wound" is rendered inappropriate by the other terms of the provision relating to blood poisoning.

The judgment is accordingly reversed, with a direction to grant a new trial.