GIBSON v. LUTHER et al.

LUTHER et al. v. GIBSON.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1912.)

Nos. 3,591, 3,615.

**1. APPEAL AND ERROR** (§§ 260, 242*)—NECESSITY OF RULINGS AND EXCEPTIONS.

Where it was agreed between counsel at the trial that they might proceed with the introduction of their evidence, making formal objections as they went along, and that the court should reserve its ruling and take all matters up in the general argument, and as the trial progressed objections were interposed but were not passed on by the court, and no exceptions were saved by either party to any adverse rulings thereon, and it did not appear that either party ever asked or insisted that the court rule on the objections made, and no ruling was made except such as might be inferred by the judgment ultimately rendered, such objections could not be reviewed under the rule that an appellate court acts only on exceptions duly saved and assignments of error predicated thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515, 1417–1425; Dec. Dig. §§ 260, 242.*]

**2. APPEAL AND ERROR** (§ 731*)—ASSIGNMENTS OF ERROR—OPINION OF COURT.

Error cannot be assigned on holdings, findings, and judgments of the trial judge as reflected in its opinion, which, though it finds and comments on evidential facts in the case in support of the conclusion, is not a special finding of facts; errors being assignable in actions at law only on rulings made or points of law decided, and not on reasons given therefor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

**3. APPEAL AND ERROR** (§ 1010*)—FINDINGS OF FACT—REVIEW.

Findings of fact in an action at law tried to the court without a jury must stand if there is any substantial evidence to sustain them, and whether there is such evidence can be reviewed on a writ of error only by presenting a request to the trial court either to make some declaration that there is no evidence to support a finding adverse to the party making the request, or to render a judgment in his favor on the ground that there is no such evidence, and, on refusal of the court so to do, taking proper exception and assigning error thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982; Dec. Dig. § 1010.*]

**4. APPEAL AND ERROR** (§ 977*)—REVIEW—NEW TRIAL.

Denial of a motion for a new trial in an action at law being a matter of discretion is not reviewable on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. § 977.*]

**5. APPEAL AND ERROR** (§ 273*)—EXCEPTIONS—FORM.

An exception to the entry of judgment, to wit, "to which finding and judgment of the court, and to the entry thereof the plaintiff by his counsel and defendants by their counsel then and there duly excepted," was too general.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1620–1630, 1764; Dec. Dig. § 273;* Trial, Cent. Dig. §§ 256, 257, 689, 690, 694–696.]

In Error to the Circuit Court of the United States for the District of Colorado.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ejectment by Charles E. Gibson against George M. Luther and another. From a judgment awarding part of title to the property in controversy to plaintiff and part to defendants, both parties bring error. Affirmed.

John F. Mail, for Gibson.

John H. Voorhees (Robert Cowles, on the brief), for Luthers.

Before VAN DEVANTER, Circuit Justice, ADAMS, Circuit Judge, and RINER, District Judge.

ADAMS, Circuit Judge. Gibson instituted this suit in ejectment to recover from the defendants, George M. and Josephine A. Luther, the possession of six separate tracts of land situated in Kiowa county, Colo. The defense was a denial of plaintiff's title or right of possession and an affirmative claim of title in themselves by (1) adverse possession, and (2) the payment of taxes for a period of more than seven successive years immediately preceding the commencement of the suit. There was a replication denying the affirmative matter. Upon issues so joined the case came on for trial before the court; a jury having been duly waived. The court after hearing the evidence of both parties, consisting of records of deeds, tax sale certificate, tax receipts, other documentary evidence, and some oral and written stipulations and concessions of the parties concerning facts, rendered judgment in favor of the plaintiff for the possession of three of the tracts sued for and for the defendants as to the other three tracts. Both parties sued out writs of error challenging the judgments rendered against them, respectively.

[1] As the trial progressed, objections of vital and controlling importance were interposed to the introduction of deeds and other documentary evidence, but these objections were not passed upon by the court, and no exceptions were saved by either party to any adverse ruling thereon. This precludes a review of any of these rulings, as we can act only on exceptions duly saved and assignments of error predicated thereon.

There was an agreement between counsel that they might proceed with the introduction of their evidence, making formal objections as they went along, to such as they desired to object to, and "that the court should reserve its ruling and take all matters up in the general argument." Whether this agreement contemplated that the court should make definite rulings on the specific objections made or should make a comprehensive ruling after the final argument, in the judgment rendered, is uncertain. On this subject the agreement is not clear. It does not appear that the court consented to this arrangement of counsel. On the contrary, it appears that neither party ever asked or insisted that the court rule on the objections so made, and it appears that the court never did rule on them, except as its view of them might be inferred from the judgment ultimately rendered in the case.

Objections of this kind, unaccompanied by rulings or exceptions, present nothing for review by an appellate court. In the case of Ogden City v. Weaver, 47 C. C. A. 485, 488, 108 Fed. 564, 567, which

was an action at law in which a former decree in a state court had been offered in evidence, Judge Thayer, speaking for this court, said:

"The record and decree in the case pending in the state court seem to have been offered below; that is to say, by Ogden City. They were objected to at the time by the receiver, and the bill of exceptions recites that they were admitted 'subject to objection,' the trial court undertaking to rule on their admissibility afterwards. We are not advised by the bill of exceptions whether they were eventually admitted or rejected. Neither are we informed except by the opinion of the trial judge, which, as already stated, forms no part of the record, what the view of the trial court was with respect to the finality of the decree. In this condition of the record, we might well decline to notice the contention above stated," etc.

In the case of Fidelity & Casualty Co. v. Thompson, 83 C. C. A. 324, 325, 154 Fed. 484, 485 (11 L. R. A. [N. S.] 1069, 12 Ann. Cas. 181), in which two motions for a directed verdict were made, one at the close of plaintiff's evidence and the other at the close of all the evidence, Mr. Justice Van Devanter, then Circuit Judge, speaking for this court, said:

"The second motion was also waived, because a direct ruling thereon was not insisted upon, and no exception in that connection"—citing Newport News, etc., Co. v. Pace, 158 U. S. 36, 15 Sup. Ct. 743, 39 L. Ed. 887, and National Bank of Boyertown v. Schufelt, 76 C. C. A. 187, 145 Fed. 509.

The doctrine of the foregoing cases is fully supported by the case cited from the Supreme Court (Newport News, etc., v. Pace) wherein the late Chief Justice, speaking for that court, said:

"Errors are assigned to the admission of evidence against defendant's objection, and notwithstanding objection by the defendant, but the bill of exceptions does not show any exception taken to the overruling of these objections. It is also claimed that in a particular instance evidence offered by defendant was improperly excluded on plaintiff's objection, but no exception to the action of the court appears to have been preserved."

It thus appears that an objection in order to form the basis of an assignment of error must be pressed to the extent of securing a ruling upon it by the trial court. It is a ruling only that can be challenged, and as said by us recently in the case of Mexico International Land Co. v. Larkin, 195 Fed. 495, 115 C. C. A. ——, just decided:

"The ruling of which complaint is made should be challenged, not only by an objection, but by an exception taken and recorded at the time, to the end that the attention of the trial judge may be sharply called to the question presented, and that a clear record of his action and its challenge may be made."

[2] The bill of exceptions contains an opinion of the trial judge in which he discusses at some length the facts and law of the case, and counsel have assigned for error what they claim to have been the holdings, findings, and judgments of the court as reflected in that opinion.

But this will not avail them. Errors are assignable in actions at law on rulings made or points of law decided and not on reasons given therefor. Ogden City v. Weaver, supra; Columbus Safe-Deposit Co. v. Burke, 88 Fed. 630, 32 C. C. A. 67. The opinion, even though it finds and comments on some of the evidential facts of the

case in support of the conclusion reached, is not a special finding of facts within the meaning of the statute. Section 700, R. S. 1878 (U. S. Comp. St. 1901, p. 570). See Kentucky Life, etc., Co. v. Hamilton, 11 C. C. A. 42, 63 Fed. 93; York v. Washburn, 64 C. C. A. 132, 129 Fed. 564. But, if the opinion could be treated as a special finding of facts, it would not help the parties to this suit.

[3] The findings as made must stand if there was any substantial evidence to sustain them; and whether there was such evidence could be made reviewable on writ of error, only by presenting a request to the trial court either to make some declaration that there was no evidence to support a finding adverse to the party making the request or to render a judgment in his favor on the ground that there was no such evidence, and upon refusal by the court so to do, taking proper exception and assigning error thereon. There having been no request in this case for any such declaration of law in any form and no exception taken or error assigned to the court's action thereon, the finding of facts, even if it was such, cannot be challenged. Felker v. First National Bank of Cincinnati, 115 C. C. A. ——, 196 Fed. 200, just decided by this court and cases therein cited.

[4] The action of the court upon the motion for a new trial which is the subject-matter of another assignment of error rested in the sound discretion of the trial court, and is not reviewable by us. This is well settled.

[5] The only other assignments of error challenge the final judgment as an entirety. They are all founded on an exception taken to the entry of the judgment, in the following words:

"To which finding and judgment of the court and to the entry thereof the plaintiff by his counsel and defendants by their counsel then and there duly excepted."

That such an assignment in an action at law is too general to secure a review by an appellate court is well settled. See Bell v. Union Pacific R. Co. (C. C. A.) 194 Fed. 366, just decided and cases therein cited.

Nothing being presented in this case for review, the judgment must be affirmed.

It is so ordered.