# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-20605
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JOSE EMILIO RODRIGUEZ VILLALOBOS, also known as Jose Villalobos Rodriguez, also known as Jose Emilio Villalobos-Rodriguez, also known as Jose V. Rodriguez, also known as Jose Emilo Rodriguez-Villalobos, also known as Jose Emilio Rodriguez,

      Defendant - Appellant

Cons. w/No. 16-20606

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JOSE EMILIO RODRIGUEZ VILLALOBOS, also known as Jose Emilio Rodriguez-Villalobos, also known as Jose Villalobos Rodriguez, also known as Joe Villabos Rodriquez, also known as Jose Emilio Rodriguez, also known as Jose Emilio Villalobos-Rodriguez, also known as Jose V. Rodriguez, also known as Miguel Rodriguez, also known as Jose Emilo Rodriguez-Villalobos, also known as Jose Rodriguez-Villalobos,

      Defendant - Appellant

No. 16-20605
c/w No. 16-20606

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-6-1
USDC No. 4:16-CR-179-1

---

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Jose Emilio Rodriguez Villalobos appeals his 71-month sentence for illegal reentry. He contends that the district court made a clear error of judgment balancing the sentencing factors in 18 U.S.C. § 3553(a) where the guidelines sentencing range was 33 to 41 months. According to Rodriguez Villalobos, the district court gave undue weight to his criminal history, the need to protect the public, and the need to promote respect for the law because his prior offenses were largely nonviolent and many received short sentences.

This court gives "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court appropriately relied on Rodriguez Villalobos's extensive criminal history, his pattern of illegally reentering the United States, the failure of earlier 30-month and 48-month illegal reentry sentences to deter him, and his swift return and resumption of crime after his most recent deportation. Rodriguez Villalobos has made no showing that the sentence does not account for a factor that should have received significant weight, that it gives significant weight to an irrelevant or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20605
c/w No. 16-20606

improper factor, or that it represents a clear error in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). We find no abuse of discretion. *See Gall*, 552 U.S. at 51; *Smith*, 440 F.3d at 708.

Likewise, we find no merit in Rodriguez Villalobos's contention that we should vacate his revocation sentence because it was influenced by an unreasonable illegal reentry sentence. To the extent he also challenges the adequacy of the district court's reasons for the revocation sentence, the issue is not briefed adequately for our consideration. *See* FED. R. APP. P. 28(a)(9)(A); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, Rodriguez Villalobos asserts that the district court erred in determining that his Texas theft offense constituted the generic offense of theft. He concedes that the argument is foreclosed but raises it to preserve it for further review. *See United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014).

AFFIRMED.