OMAHA STREET RAILWAY COMPANY v. MATTHEW W. CLAIR.

FILED FEBRUARY 20, 1894.    No. 5451.

1. **Review:** CONFLICTING EVIDENCE. Where there is a mere conflict in the evidence and the verdict is not clearly unsupported thereby, the judgment of the trial court will not be reversed merely because in this court it may appear as an original question that the preponderance of proof was with the party other than the one in whose favor the verdict was returned.

2. **Personal Injuries:** DAMAGES: INSTRUCTIONS. In an action to recover damages for injuries charged to have been inflicted by a street railway company, an instruction, designed to embrace all elements essential to a recovery, sufficiently met requirements as to the absence of contributory negligence by requiring the use of "ordinary care and diligence" by plaintiff,—the term "ordinary care and diligence" being subsequently by instructions fully defined.

3. **Negligence:** QUESTION FOR JURY: TRIAL. The jury alone must determine the existence of negligence, contributory or otherwise, as a question of fact, subject to the judgment of the court as to whether or not sufficient proof has been made to justify its consideration, and after the rendition of a verdict, whether or not it is contrary to or unsustained by the evidence. It is not the duty of the trial court to instruct what inferences of fact must or must not be deduced from proofs offered to establish the existence or absence of negligence.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*John L. Webster,* for plaintiff in error, cited: *Warner v. People's Street R. Co.,* 141 Pa. St., 615; *Miller v. St. Paul*

*City R. Co.*, 42 Minn., 454; *Thomas v. Passenger Railway*, 132 Pa. St., 504; *Buzby v. Philadelphia Traction Co.*, 126 Pa. St., 559; *Weber v. Kansas City Cable R. Co.*, 100 Mo., 194; *Belton v. Baxter*, 54 N. Y., 245; *Fenton v. Second Avenue Railway*, 126 N. Y., 625; *Adolph v. Central Park, N. & E. R. R. Co.*, 76 N. Y., 530; *Spencer v. Illinois C. R. Co.*, 29 Ia., 55; *Brown v. Milwaukee & St. P. R. Co.*, 22 Minn., 165; *Cordell v. New York C. & H. R. R. Co.*, 64 N. Y., 538; *Gordon v. Erie R. Co.*, 59 N. Y., 468; *McGrath v. New York C. & H. R. R. Co.*, 59 N. Y., 468; *Havens v. Erie R. Co.*, 41 N. Y., 296; *Chicago, B. & Q. R. Co. v. Harwood*, 80 Ill., 88; *Cleveland, C., C. & I. R. Co. v. Elliott*, 28 O. St., 340; *Toledo, P. & W. R. Co. v. Riley*, 47 Ill., 514; *Chicago, R. I. & P. R. Co. v. Bell*, 70 Ill., 102; *McCoy v. Milwaukee Street R. Co.*, 52 N. W. Rep. [Wis.], 93.

*Frank T. Ransom* and *Gurley & Marple*, contra, cited: *Brooks v. Lincoln Street R. Co.*, 22 Neb., 816; *Anderson v. Minneapolis Street R. Co.*, 42 Minn., 490; *Winter v. Kansas City Cable R. Co.*, 6 L. R. A. [Mo.], 536; *City of Lincoln v. Gillilan*, 18 Neb., 114; *Orange & Newark Horse R. Co. v. Ward*, 47 N. J. Law, 560; *Leavitt v. Chicago & N. W. R. Co.*, 64 Wis., 228; *Copley v. New Haven & Northampton Co.*, 136 Mass., 6; *Williams v. Syracuse Iron Works*, 31 Hun [N. Y.], 92; *Tolman v. Syracuse, B. & N. Y. R. Co.*, 31 Hun [N. Y.], 397; *Texas & P. R. Co. v. Levi*, 59 Tex., 674; *White v. Milwaukee City R. Co.*, 61 Wis., 536; *Hutchinson v. St. Paul, M. & M. R. Co.*, 32 Minn., 398.

Ryan, C.

This action was brought against the Omaha Street Railway Company, and successfully maintained, for the recovery of damages on account of personal injuries sustained by the defendant in error. The allegations of his petition, upon

which the liability of the railway company was predicated
in the district court of Douglas county, wherein the judg-
ment was obtained, were made in the following language:
"On or about the 24th day of December, 1889, the plaint-
iff was passing along Fourteenth street in the city of Omaha,
at the intersection of Dodge street and Fourteenth street,
between the hours of 7 and 8 o'clock in the evening, using
due care and caution in passing; that no cars of the said
defendant were passing along said street at said time, and
without any warning from the servants and agents of said
defendant the agents and servants in charge of one of its
cars carelessly and negligently drove one of its cars upon
and against the plaintiff; that when said car struck the
plaintiff he was thrown violently to the ground thereby,
and was by the concussion deprived of his senses, and while
the plaintiff was endeavoring to escape from off the railway
tracks of the defendant, another car of the defendant, being
operated by the agents of said company, approached from
the east, and the persons in charge of said car saw, or could
easily have seen, plaintiff on said track, and while plaintiff
was endeavoring to raise himself from said track and re-
move himself therefrom, and while insensible as aforesaid,
the defendant by its agents negligently and carelessly ran
its car upon and against the plaintiff and caught the plaint-
iff in the gearing of said car and carried him for about
seventy feet underneath said car; that when the second car
struck plaintiff, the iron bolts and gearing of said car were
forced into and through the leg of plaintiff at and near his
knee, and plaintiff was wounded and bruised and injured
to such an extent that he was confined to his bed for six
months following, and was caused to expend large sums of
money for physicians, and nurse and care, and was caused
to expend large sums of money for attention to him during
his said confinement because of said wounds and bruises so
received.    Plaintiff has been by reason of the facts afore-
said deprived of following his usual calling ever since then,

and has suffered great bodily pain and mental anguish; that the wounds so received by plaintiff through the negligence and carelessness of the defendant have rendered him a cripple for life, and he has been damaged in the sum of $25,000." For this sum named he prayed judgment. The railway company by its answer admitted that it was a corporation operating a street railway, and that the plaintiff was injured at about the time and place alleged, but denied every other allegation of the petition. In the answer it was further alleged that the injuries complained of were attributable solely to the carelessness and negligence of plaintiff, and that if plaintiff at the time of said injury had been exercising due and reasonable care he would not have been injured. By the reply there was a denial of negligence and want of care on the part of plaintiff.

Consistently with the averments of the petition, three witnesses, one of whom was the plaintiff, testified that the forward car in the cable train going eastward on Dodge street had no head-light or other light making the train visible at the time of the injury complained of, and with different degrees of positiveness these three witnesses testified that no audible warning was given of the approach of the said east-bound train. The testimony of plaintiff and one of these witnesses was that plaintiff attempted to cross Dodge street from the south at its intersection with Fourteenth street; that he was not warned of the approach of the east-bound cable train, and could neither see nor hear it, and that when crossing the most southerly of the two parallel tracks running lengthwise of Dodge street, he was struck by the east-bound train approaching on said track; that he was thereby stunned and rendered incapable of exercising due caution and avoiding contact with another cable train approaching from the east on the most northerly of the two parallel tracks referred to, though plaintiff admitted in his evidence that he had, just before being struck, noticed the near approach of the west-bound train,

carrying a head-light and thereby rendered visible. Plaint-
iff and one of his witnesses further gave evidence that af-
ter plaintiff was struck by the east-bound train, and in the
dazed condition resulting from said collision, he attempted
to cross the northernmost of the two parallel tracks on
Dodge street. The evidence of the plaintiff and the two
witnesses above referred to was that he was struck by the
westward-bound train and borne down beneath the ad-
vance car thereof and thus sustained very serious injuries.
The evidence on behalf of the defendant, given by eight
witnesses, was that the eastward-bound train met that
bound westward on Dodge street at some point between
Fourteenth and Fifteenth streets, and that there was a head-
light on the eastward-bound train, and that the ordinary
signal for a crossing was given by means of a bell before
the east-bound train reached Fourteenth street, and as soon
as it became apparent, when the front of the train had
nearly reached a point opposite where the plaintiff was
standing, just south of the car track, that plaintiff was
about to cross in front of the moving train last mentioned,
a danger signal was at once given and that the train
was stopped before it traversed a distance of fifteen feet,
but too late to avoid a collision with plaintiff, who had
meantime stepped upon the track in front of the eastward-
moving train ; that the effect of this collision was to throw
the plaintiff under the forward car in the eastward-bound
train where he sustained the injuries complained of. It is
useless to attempt to harmonize the testimony, for, as will
be very readily seen, it is contradictory at all points, even
as to the identity of the train with which plaintiff col-
lided. The jury evidently believed the version given by
plaintiff's witnesses, though said witnesses were numeric-
ally in the minority. As this verdict was not without sup-
port of competent testimony, and as the trial judge, who
had opportunity for observation of the witnesses which is
denied us, refused to interfere with it, thereby adding his

sanction to the jury's estimate of the weight of the evidence upon which it was founded, we cannot interfere solely on the ground of the insufficiency of the evidence in support of the verdict.

It is insisted, however, by plaintiff in error, that instructions numbered 1, 9, and 10, given at the request of the defendant in error, stated the law incorrectly as applicable to the facts in controversy. The same objections are made to each of these instructions. It will therefore be. necessary only to quote the first referred to, especially in view of the fact that it was selected as a sample instruction against which objections are specifically urged. This instruction is in the following language:

"1. If you believe from the evidence that at the time of the collision between the plaintiff and the defendant's cars, plaintiff was endeavoring to cross Dodge street, and that he was using ordinary care and diligence at the time; that the defendant's agents in charge of the east-bound train did not give any alarm of the approach of said train, and that said train had no head-light thereon, and no warning whatever was given to plaintiff of the approach of said train, and plaintiff did not know of the proximity of said train, and that said train struck the plaintiff and threw him against the pavement and. he was thereby stunned to such an extent that he did not have control of his actions, and while in that condition plaintiff endeavored to cross the north track of the defendant, and while so endeavoring to cross said track the west-bound train of the defendant collided with the plaintiff and plaintiff was thereby injured, you will find for the plaintiff, provided you further find from the evidence that the accident would have been prevented and the plaintiff would not have been struck by the east-bound train if the defendant's servants in charge of said east-bound train had given an alarm of the approach of said train the plaintiff could have seen said train in time to escape it had there been a head-light thereon."

It is argued that the language in the above instruction, "and plaintiff did not know of the proximity of said train," excuses from responsibility for knowledge of the proximity of the train which by the exercise of due and ordinary care plaintiff could have obtained. To this objection, as well as to another, that this clause ignores the question of contributory negligence, it is deemed a sufficient answer to call attention to the fact that this very instruction states as one of the essentials of defendant's liability that plaintiff "was using ordinary care and diligence" at the time the accident occurred. What was ordinary care and diligence was explained in the fourth instruction given by the court in the following language:

"4. You will therefore inquire, in the second place, if you shall find in favor of the plaintiff upon the first proposition, whether or not the plaintiff was himself in the exercise of due and reasonable care at the time he received his injuries, for if by the exercise of reasonable care the plaintiff could have avoided the injury, then he is not entitled to recover in this action, notwithstanding you may believe from the evidence that the employes of the defendant in charge of the cars were guilty of negligence in the operation of the cars."

Upon the suggestion of the plaintiff in error, the court further elaborated this question by instructions numbered 3, 4, 5, and 8, which are in the following language:

"3. The jury are instructed that even if you believe from a consideration of all the evidence that the train which approached from the west was going eastward on Dodge street did not have a head-light on the front end of the front grip car, still the plaintiff could not recover if by the use of his eye-sight and hearing he could have seen or known that such train was approaching, by the use of ordinary care on his part, and that if he failed to use ordinary precautions to ascertain whether such train was approaching, then he was guilty of contributory negligence and cannot recover.

"4. The jury are instructed that in determining whether the plaintiff was guilty of contributory negligence, and in determining whether he could not have seen or heard the approaching train from the west, you should take into consideration that part of the evidence relating to gas-lights and electric lights at the intersection of Fourteenth and Dodge streets and determine from all the evidence upon that point whether there was sufficient light for the plaintiff to have seen the approaching train from the west in time to have avoided the collision with him, and if from the whole evidence you find that there was sufficient light so that by the use of ordinary care he could have seen the approaching train, then it was his duty to have avoided stepping upon the track in front of the approaching train, and such failure to avoid the train on his part constitutes contributory negligence which would prevent any recovery by him in this action.

"5. The jury in determining whether the plaintiff was guilty of contributory negligence may take into consideration the condition of the plaintiff as to intoxication, and if you find from the evidence that the plaintiff was intoxicated, and that his failure to see the approaching train or to avoid the approaching train was by reason of his intoxication, then he was guilty of such contributory negligence as prevents a recovery in this case, and your verdict should be for the defendant."

"8. The jury are instructed that if you believe from the evidence that the plaintiff stepped in front of the moving train and in such close proximity to the train that it could not be brought to a stop before colliding with the plaintiff, and that after colliding with plaintiff the train was brought to a stop as speedily as possible, then the defendants were not guilty of any negligence in that regard," [modified by the court by adding] " unless you find from the evidence that there was no head-light on the forward car, and that no signal of the approach of the train was given,

and that by reason of the absence of such head-light and signal the plaintiff had no knowledge of the approach of the train, and could not by the exercise of ordinary care and prudence have discovered the approach of the train, and that under such circumstances the plaintiff stepped in front of the train and received his injuries, then, and in such case, the plaintiff could not be charged with contributory negligence in stepping in front of the train, and the defendant would be chargeable with negligence."

In view of these instructions, plaintiff in error had no ground to complain that the term "ordinary care and diligence," and the nature and effect of contributory negligence, were not explained to the jury as favorably as the law on these subjects would justify. The remainder of the argument of plaintiff in error is devoted to deductions to be drawn from the absence of a head-light, etc., as constituting negligence sufficient to require that the trial court should have instructed that the various factors named were sufficient or not, *per se*, to constitute negligence or contributory negligence. It is believed that the following paragraph of the syllabus of the opinion in the case of *Omaha & R. V. R. Co. v. Brady*, 39 Neb., 29, filed during this term of court, states correctly the rule upon the subject of negligence in what manner soever it may arise:

"10. The existence of negligence should be proved and passed upon by the jury as any other fact. It is improper for the trial court to state to the jury a circumstance or group of circumstances as to which there has been evidence on the trial, and instruct that such fact or group of facts amounts to negligence. At most, the jury should be instructed that such circumstances, if established by a preponderance of the evidence, are proper to be considered in determining the existence of negligence."

The judgment of the district court is

AFFIRMED.