LORENCE BOWERS, APPELLANT, V. CHICAGO, BURLINGTON
& QUINCY RAILROAD COMPANY, APPELLEE.

FILED APRIL 20, 1912. No. 16,678.

1. **Negligence: PLEADING: BURDEN OF PROOF: INSTRUCTIONS.** Where a
plaintiff pleads and relies upon one or more specific acts or
omissions as negligence, which are denied by the defendant, and
the petition contains no general allegation of negligence, the
burden of proof is upon the plaintiff to establish the affirmative
of that issue, and evidence of other acts of negligence may prop-
erly be excluded, and it is not error to so instruct the jury.

2. **Carriers:** INJURY TO LIVE STOCK: RIGHT OF RECOVERY. One not an owner of, and not beneficially interested in, an animal alleged to have been injured by the negligence of another, and who has no assignment of the owner's right of action, cannot recover for such injury, and an instruction to that effect is proper.

3. **Trial:** INSTRUCTIONS: FAILURE TO REQUEST. A party, in order to predicate error on a failure of the court to instruct the jury with reference to his theory of the case, must tender an instruction on such theory.

4. **Evidence** examined, and found sufficient to sustain the verdict.

APPEAL from the district court for Cass county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Matthew Gering,* for appellant.

*Byron Clark* and *William A. Robertson, contra.*

BARNES, J.

Action in the district court for Cass county for damages to plaintiff's live stock and household furniture alleged to have been sustained by defendant's negligence as a common carrier in transporting the property from Spencer, in Boyd county, to Cedar Creek, in Cass county, Nebraska. The defendant had the verdict and judgment, and the plaintiff has appealed.

It appears that the plaintiff chartered a box-car of the Chicago & Northwestern Railroad Company at Spencer, in which he placed his live stock, consisting of a stallion, a gelding, a pony, one cow, about 75 chickens, and some household furniture, and routed the car to Omaha, and thence over defendant's railroad to Cedar Creek; that he was furnished transportation for one person to ride in the car as a caretaker, and his son assumed that duty under the contract of shipment. It also appears, without dispute, that the caretaker rode in the way-car, and paid no attention to the shipment until it arrived at Omaha. There is a conflict of evidence as to whether the son rode in the car and cared for the shipment from that point to

Cedar Creek, or whether he rode in a passenger coach attached to the train in which the box-car was placed. It was alleged in.the petition: "Said defendant did not safely carry and deliver said horses, pony, cow, cupboard, chairs, chickens and other personal property, as it had undertaken to do, but, on the contrary, conducted itself so carelessly in and about carrying and transporting the same that at its switch yards in the city of Plattsmouth, Nebraska, the defendant, its agents and servants, well knowing the contents of said car, carelessly and negligently pushed, switched and propelled said car with unnecessary and unusual violence against other cars, and so carelessly and negligently operated its locomotive, cars and train that the said horses, pony, cow and other property herein described were violently thrown upon and against said car and each other, so that, in consequence of said negligence, said Percheron stallion received injuries of which he died on the 22d day of March, 1909, and the other horse and pony injured and bruised, one dozen chickens killed, the cupboard, chairs, rocking-chair and other household furniture injured to the damage of the plaintiff in the sum of $1,186," for which the plaintiff prayed judgment. This statement was denied by the answer. The petition contained no other allegation of negligence or damage whatsoever.

It was shown by the evidence that shortly after the shipment arrived at Cedar Creek the stallion showed signs of distress and illness, from which he afterwards died. There was some evidence tending to show that the other horses and the cow were bruised to some extent; that some of the chickens died, and that the furniture was also scratched and damaged. The caretaker testified that up to the time the car reached Plattsmouth all of the shipment was uninjured, and the live stock was in good condition. He also testified that while the car was in the yards at that place it was so roughly handled that the horses and cow were thrown down, and the furniture was damaged to some extent. His last statement was flatly

contradicted by the defendant's witnesses, and the jury, by their verdict, resolved that question against the plaintiff.

The record also contains evidence from which the jury might reasonably have concluded that the illness and death of the stallion was caused by confinement in the car, lack of feed and water and want of proper attention on the part of the caretaker.

It is plaintiff's contention that the district court erred in giving the jury paragraphs 3, 9, 13 and 14 of the instructions given on his own motion. The first three instructions complained of were alike in substance, and may be summarized by quoting paragraph 9, of which complaint is made. That instruction reads as follows: "You are instructed that the plaintiff must show by a preponderance of the evidence, before he can recover, that the proximate cause of the death of the plaintiff's stallion and the damage to the other property in the car, if any there was, was the careless and negligent manner in which the defendant's agents and servants switched and handled said car and handled said property at Plattsmouth, and it is immaterial in what manner defendant handled the car at Plattsmouth, unless you believe that such negligent and careless handling at said place caused the sickness from which the stallion died, and unless the plaintiff has shown by a preponderance of the evidence that said stock and personal property was injured on account of the rough handling of the car in which it was carried while it was being shipped, which was not ordinarily incident to the handling of cars so being switched and handled by engines, your verdict will be for the defendant."

Counsel for the plaintiff concedes that the live stock in question was transported under a contract between the plaintiff and the defendant in charge of a caretaker or attendant, and that if by reason of his negligence or the natural propensities of the live stock, under the conditions in which it was surrounded, it injured itself, then

defendant would not be liable, and that, in order to recover for such injuries, the burden of proof was on the plaintiff to establish by a preponderance of the evidence the specific allegations of negligence contained in his petition. But it is argued that as to the household goods, or inanimate property, the burden was upon the defendant to prove that the injury, if any, to such property was caused either by an act of God or the public enemy. It may be conceded that, if the plaintiff's petition had contained a general allegation of negligence, this contention would have been well founded. But, as above shown, the plaintiff saw fit to confine his allegations and proof to the specific act of negligence in the handling of the car in question in the defendant's yards at Plattsmouth. He rested his whole right to recover, both as to live stock and inanimate property, upon this ground alone. He alleged his damages in a lump sum without separating the items, and therefore he is in no position to complain of instructions which conform to the issue made by the pleadings and the evidence which he offered to sustain it.

In *Allen v. Chicago, B. & Q. R. Co.*, 82 Neb. 726, it was said: "The burden of proof to establish the affirmative of an issue involved in an action rests upon the party alleging the facts constituting that issue, and remains there until the end." *Union P. R. Co. v. Porter*, 38 Neb. 226; *Omaha Street R. Co. v. Clair*, 39 Neb. 454. "Where a pleader relies upon one or more specific acts or omissions as negligence, then evidence of any act or omission not within some of such specifications is irrelevant." *Omaha & R. V. R. Co. v. Wright*, 49 Neb. 456.

In *Cleve v. Chicago, B. & Q. R. Co.*, 77 Neb. 166, it was said: "In an action to recover damages from a carrier for injury sustained by live stock in transit, which are accompanied by the owner or his agents, the burden is on the owner to show that the loss complained of was occasioned by the carrier's negligence." The opinion in that case makes a clear distinction between cases where the live stock is committed exclusively to the care of the

common carrier, and where it is shipped under a contract by which the owner in person or by his employees accompanies the stock for the purpose of caring for it during transit. It was there said: "We think these cases establish the rule in this jurisdiction that, where by contract the shipper accompanies his live stock with tenders or caretakers, no presumption of negligence on the part of the carrier arises merely from the proof of the fact that loss or injury has attended the shipment, but the burden is on the shipper to show that the loss, if any, sustained was occasioned by the negligence of the carrier." This rule is sustained by the courts in other jurisdictions. *Hanley v. Chicago, M. & St. P. R. Co.,* 134 N. W. (Ia.) 417; *Mosteller v. Iowa C. R. Co.,* 133 N. W. (Ia.) 748.

Plaintiff admits this to be the correct rule, for in his brief he says: "As to the transaction which took place in the yards at Plattsmouth, there is conflict in the evidence, and for the purpose of this appeal it must be assumed that the verdict of the jury of the nonexistence of negligence on the part of the railroad company was established." This being conceded, and the jury having found against the plaintiff upon the only ground on which he could recover under his pleadings, and the plaintiff having tendered no request for an instruction stating his present theory of the case, he is not in a position to challenge the correctness of the instructions complained of.

Error is assigned for giving instruction 14, at the request of the defendant, which reads as follows: "You are instructed not to allow any damages to plaintiff on account of the pony, in this action." An examination of the record discloses that a Mrs. Wooster, who testified for the plaintiff, stated that the pony belonged to her; that it was her personal property, and was bought by her own money; that the plaintiff had nothing to do with it in any way of ownership. There is no evidence in the record showing, or tending to show, that her claim had been assigned to, or was the property of, the plaintiff. Therefore the court did not err in giving that instruction.

A careful examination of the record convinces us that the cause was fairly tried, and the verdict of the jury is sustained by the evidence. Therefore, the judgment of the district court is

AFFIRMED.