Gus Sullwald, appellee, v. Union Pacific Railroad Company, appellant.

Filed January 21, 1918. No. 19723.

Railroads: Killing Cattle: Negligence. Evidence that one, driving cattle over a right of way, fails to discover an approaching train, even though such failure may amount to negligence, will not constitute a defense in an action for damages to cattle killed by the train, by reason of defendant's negligence or failure to maintain a proper gate, when \the undisputed evidence shows that an earlier discovery of the train could not have prevented the accident.

Appeal from the district court for Buffalo county: Bruno O. Hostetler, Judge. Affirmed.

Edson Rich and Thomas F. Hamer, for appellant.

H. M. Sinclair and E. B. McDermott, contra.

Cornish, J.

Appeal from judgment for the wrongful killing of plaintiff's cattle by defendant's train.

Plaintiff and his hired man were driving 17 head of cattle over a private road. When within about 400 feet of defendant's track, the cattle, then being driven out of a corn field into which they had gone, stampeded, running toward home. The evidence is undisputed that the plaintiff did what he could to head them off, but was unable to do so. The defendant's gate and fence leading over the right of way was in such condition that it offered no obstruction to the cattle, and just as

they were crossing the track they were met by defendant's engine and seven of them killed.

The court instructed the jury that, if they found that the cattle got on the track as a result of defendant's failure to keep and maintain its gate in repair, then they should find for the plaintiff. The defendant in its answer alleged that the plaintiff was "guilty of negligence in the driving of said cattle upon the railroad of the defendant, which negligence was the proximate cause of the loss of said cattle." It is assigned as error that the instruction, above mentioned, did not take into account this defense.

It appears from the evidence that the plaintiff did not discover the approaching train until about the time of the accident, and it further appears that he knew the condition of the gate and fence. No doubt it was the duty of the plaintiff to watch for approaching trains. Considering the evidence as a whole, however, it would seem that, even though the plaintiff had made an early discovery of the train, this would and could have made no difference in the event. The failure to see the train could hardly be found to be the cause or a contributing cause of the accident. The defendant requested no instruction covering this theory of its defense, if such was its theory at the time. If the defendant desired such theory of the facts presented to the jury, it should at least have requested an instruction presenting it to the jury. *Bowers v. Chicago, B. & Q. R. Co.*, 91 Neb. 229.

Other assignments of error are made and have been considered. We are of opinion that the judgment of the trial court should be, and it is,

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.