## PHILPOTT v. DAVIS, as Agent.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1923.)

No. 5933.

1. Carriers ⬅227(3)—When petition alleges carrier's negligence as to loss by fire, negligence must be proved.

In action for loss of live stock shipment by fire occurring "through the wrongful, unlawful, and negligent conduct of defendant as such common carrier," the carrier, under the pleadings, was not, under Nebraska law, an insurer of the animals, and hence it was necessary to prove the carrier's negligence to be the proximate cause of the loss.

2. Appeal and error ⬅536—Unauthenticated bill of exceptions not part of record.

A bill of exceptions, not signed, allowed, or settled by the trial court, never became a part of the record.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Appeal and error** ⬅**544(1)—Direction of verdict not reviewable without bill of exceptions.**

    *Direction of verdict held not reviewable, in absence of bill of exceptions.*

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Edward T. Philpott against James C. Davis, as Agent. Judgment for defendant, and plaintiff brings error. Affirmed.

J. J. Harrington and M. F. Harrington, both of O'Neill, Neb., for plaintiff in error.

J. W. Weingarten, of Omaha, Neb. (Byron Clark, Jesse L. Root, and C. W. Krohl, all of Omaha, Neb., on the brief), for defendant in error.

Before SANBORN and KENYON, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This action was brought by plaintiff in error as plaintiff below against Walker D. Hines, as Director of Railroads, while the railroad systems of the country were under government control and operation, to recover damages for the loss by fire of valuable horses, mares, and other personal property of plaintiff while the same was loaded in a car standing on the railway line of the Chicago, Burlington & Quincy Railway at the station of Scotts Bluff, Neb., preparatory to being transported over said line of road to the station of Crawford in said state, and from said station of Crawford over the Chicago & Northwestern Railway to the station of O'Neill, in Nebraska. Under the contract of shipment entered into between the shipper and carrier, as shown by the pleadings, a representative of the shipper was to be transported by the railway company for the purpose of accompanying and caring for the animals during transportation. The contract in this respect reads as follows:

"In consideration of transportation hereby furnished for one person or persons designated by the shipper, who have indorsed their names hereon in the presence of the agent, such person or persons to accompany the stock, it is agreed that the said cars and animals contained therein are and shall be in the sole charge of such person or persons for the purpose of attention to any care of said animals in transit and said animals are to be loaded, unloaded, watered, and fed by the shipper or his agents in charge."

It was alleged in the petition as ground for recovery of the damages prayed as follows:

[1] Hence, it appears the ground of plaintiff's complaint was actionable negligence on the part of the agents, servants, or employés of

"The said car and its contents caught fire through the wrongful, unlawful, and negligent conduct of the defendant as such common carrier, and all of said horses, hay, bridles, halters, and barrels were burned and destroyed by fire."

the carrier through which the loss resulted to plaintiff. In this state of the pleadings, under the law of the state of Nebraska, as many times declared by the Supreme Court of that state (see Chicago, St. P., M. & O. R. Co. v. Schuldt, 66 Neb. 43, 92 N. W. 162; Cleve v. Chicago,

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

B. & Q. R. Co., 77 Neb. 166, 108 N. W. 982, 124 Am. St. Rep. 837, 15 Ann. Cas. 33; Bowers v. Chicago, B. & Q. R. Co., 91 Neb. 229, 135 N. W. 1017; Starr v. Chicago, B. & Q. R. Co., 103 Neb. 645, 173 N. W. 682; Quinby v. Union P. R. Co., 83 Neb. 777, 120 N. W. 453), the carrier was not an insurer of the animals and other property of the plaintiff; hence negligence on the part of the carrier must be alleged and proven to be the proximate cause of such loss and damage before recovery may be permitted. At the trial the court directed a verdict for defendant and there was judgment thereon. This statement of the issue has been made for the purpose of making clear what errors complained of may be reviewed on the record as brought to this court.

[2] An examination of the record discloses no bill of exceptions taken on the trial, authenticated in the manner provided by the law for preserving the rulings made at the trial. While it does appear from the record a bill of exceptions was made up by plaintiff, yet, as the same was not in any manner signed, allowed, or settled by the trial court, it never became any part of the record. Malony v. Adsit, 175 U. S. 281, 20 Sup. Ct. 115, 44 L. Ed. 163; Metropolitan R. R. v. Dist. of Columbia, 195 U. S. 322, 25 Sup. Ct. 28, 49 L. Ed. 219; C. G. W. R. Co. v. Le Valley, 233 Fed. 384, 147 C. C. A. 320; Warren v. U. S., 183 Fed. 718, 106 C. C. A. 156, 33 L. R. A. (N. S.) 800.

[3] As there is no record of the trial preserved on which the rulings of the trial court made at the trial may be reviewed here, it becomes clear the action of the trial court in directing a verdict cannot be considered. The sole question which may be here considered and reviewed is the sufficiency of the pleadings to support the judgment entered, and as above shown from the statement made, the action as determined from the pleadings was an action for negligence, and as it was incumbent upon the plaintiff before recovery had to establish the negligence pleaded by evidence, and as there is no evidence found preserved in the record, judgment must be

Affirmed.