## LINDNER PACKING & PROVISION CO. et al. v. KOKRDA.

### No. 417.

Circuit Court of Appeals, Tenth Circuit.

Dec. 2, 1931.

Frank C. Myers, of Denver, Colo., for appellants.

Ralph Hartzell, of Denver, Colo., for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge.

Appellee, as receiver of the Globe National Bank, recovered judgment on a promissory note; the liability of appellants thereon being that of endorsers. The complaint set up the note. It was for $3,550.00. The maker had made payments but a large part was left unpaid. It bears date July 24, 1925, was signed by E. W. Keller, as maker, was payable at said bank in ninety days from date to the order of Lindner Packing and Provision Company, and was endorsed in blank by the payee and A. Klingstein. They waived demand, presentment, protest, and notice. The complaint alleged the bank took the note for value before maturity.

The answer admitted that Keller executed the note, alleged that he delivered it to the payee, and that shortly thereafter the endorsers surrendered it to the maker with the intention of discharging and extinguishing it, that it was thereby extinguished before it came into the possession of the bank, and that the bank had knowledge of those facts when it took the note. It denied all allegations of fact not specifically admitted.

The printed record sets forth a paper entitled "Defendants' Bill of Exceptions," the opening paragraph reading:

"Be It Remembered, that on to-wit: The 4th day of October, A. D. 1928, the above entitled cause came on for trial before the Honorable J. Foster Symes, Judge, and a jury, and thereupon the plaintiff to maintain the issues on his part, offered the following evidence:"

At the foot of the paper we find this:

"And for as much as the foregoing matters do not fully appear of record herein and to the end that the same may be made a matter of record, the defendants tender this bill of exceptions to the Honorable J. Foster Symes, Judge of said Court, before whom said cause was tried, and prays that the same may be filed, which is done accordingly, this 21st day of November, A. D. 1930.

"J. Foster Symes, Judge.

"Filed in the District Court this 21st day of November, 1930.

"Approved: Ralph Hartzell, Attorney for Plaintiff.

"Copies of Exhibits 'A' & 'B' attached."

The statute requires that the judge "allow and sign" a bill of exceptions. Title 28, § 776, U. S. Code (28 USCA § 776). Nothing is said over the judge's signature in this case to the effect that exceptions to rulings during the progress of the trial were taken and saved as appears in the paper which he signed. The settling of a bill of exceptions is a judicial act. The act itself, as well as the words of the statute, teaches that it is more than clerical. Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163; Chicago Great Western R. Co. v. Le Valley (C. C. A.) 233 F. 384; Philpott v. Davis (C. C. A.) 291 F. 370. The subject matter for consideration in such an inquiry is, what exceptions were taken and allowed during the trial—not whether the bill of exceptions contains all of the evidence. Indeed, only the evidence that bears on and elucidates the exceptions saved should be set out in the bill. Zeller's Lessee v. Eckert, 4 How. 289, 297, 11 L. Ed. 979. There is here no certification by the judge that appellants saved and were allowed any exceptions to the court's rulings during the trial. But waiving the insufficiency of the certification,—the paper represents that Klingstein, while a witness for himself and the packing company, was not permitted to testify what his intentions were when he gave the note back to Keller, nor what Keller said at that time; nor did the court permit E. W. Keller, as a witness, to answer this question, "Then what followed?" nor did the court permit the witness Keller to answer the question, "Were there any money transactions between you and Mr. Klingstein regarding that note or incident

to that note at that time?" The so-called bill of exceptions represents that appellants objected and excepted to these adverse rulings. Appellants say that, if these rulings had not been made, they would have further shown by the witnesses that Klingstein intended, when he gave the note back to Keller, that it would thereby be cancelled and extinguished; that Klingstein would have testified that Keller said he desired to borrow on the note and thereby pay a note which he had at the Globe National Bank, then past due; that Keller would have further testified that when he called at the packing company's office, after he had left the note there, he was told by Klingstein that they would not make a loan to Keller; that they first thought they would make the loan by discounting the note at the Colorado National Bank, and since they had decided not to make the loan they would return the note to Keller thereby terminating the transaction. But, first, the so-called bill of exceptions contains no offer at the time to prove these additional claimed facts. And secondly, a witness for plaintiff testified that Mr. Klingstein stated to those in charge of the bank's assets after its failure that he never intended that this note should go into the Globe National Bank; that he had had a falling out with the Home Savings Bank (shortly theretofore consolidated with the Globe National) and had withdrawn his account and had intended using this note at the Colorado National Bank; that they would not accept it, and it had come into the hands of the Globe National Bank on August 6, 1925, in renewal of another note. This evidence seems to explain fully the transaction. But appellants' counsel moved that the explanation given by Klingstein, thus testified to by one of plaintiff's witnesses, be stricken out, and that motion was sustained. Nevertheless, Klingstein was recalled as a witness for defendants and denied he had said the note would have to go back to the Globe National. Exhibit B, attached to the paper entitled "Defendants' Bill of Exceptions" has great significance. It is the liability sheet of Keller to the Home Savings and its extension to the Globe National. It shows Keller's liability continuously for two years from August 6, 1923, on note and its renewals in the sum of $3,550.00 and that Lindner Packing and Provision Company and Klingstein were liable with him. Without doubt the note sued on was accepted as a renewal. But counsel say Exhibit B was not admitted in evidence, and he consented to only one

item thereon, the one showing the acceptance and entry on the bank's records of this note, being considered by the jury.

The note was taken to the Globe National Bank by a brother of E. W. Keller, and this was doubtless after the endorsers were unable to discount it at the Colorado National Bank. There is conflict in the evidence as to whether the Globe National accepted the note for value prior to notification by appellants that they would not be bound as endorsers. That was an issue of fact for the jury.

Errors are assigned for refusal to give certain requested instructions and the giving of others. Appellants, in their assignment of errors, set forth what they claim were the instructions given by the court and what they claim were requests for instructions made by defendants. We cannot consider them. The only way in which claimed errors of the kind can be brought into the record for review is to have them settled and allowed in a bill of exceptions. That was not done. Thompson v. Riggs, 5 Wall. 663, 675, 18 L. Ed. 704; Clune v. United States, 159 U. S. 590, 16 S. Ct. 125, 40 L. Ed. 269; Metropolitan Railroad Co. v. District, 195 U. S. 322, 330, 25 S. Ct. 28, 49 L. Ed. 219.

Confining ourselves to the limited scope of review we cannot say appellants have convinced us of prejudicial and reversible error.

Affirmed.