## ADDIS et al. v. UNITED STATES.
### No. 692.

Circuit Court of Appeals, Tenth Circuit.
Dec. 15, 1932.

Rehearing Denied Jan. 21, 1933.

C. L. Kagey, of Wichita, Kan. (Hal M. Black and P. L. Dwinnell, both of Wichita, Kan., on the brief), for appellants.

S. M. Brewster, U. S. Atty., and Donald Little, Asst. U. S. Atty., both of Topeka, Kan., for the United States.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

John Addis and A. C. Addis were charged by indictment containing five counts with violations of the National Prohibition Act (27 USCA). The first and second counts charged unlawful possession of substandard fluid extract of ginger containing more than one-half of one percent of alcohol by volume, intended and fit for beverage purposes. The

330

third and fourth counts charged unlawful sales of substandard fluid extract of ginger containing more than one-half of one percent of alcohol by volume, intended and fit for beverage purposes. The fifth count charged the maintenance of a common nuisance on February 28, 1930, at 124-126 South Oak Street, Wichita, Kansas, by the possession and sale of a large quantity of substandard fluid extract of ginger containing more than one-half of one percent of alcohol by volume, intended and fit for beverage purposes. Defendants were convicted and sentenced on each of the several counts.

In that portion of the transcript of record in which matters are set forth that are a part of the record proper, appears the following:

"Now on this 30th day of September, 1931, come the parties hereto same as on yesterday, the defendants, John Addis and A. C. Addis, being present in person, and the jury being called and all being present, the trial of said case is proceeded with; and the parties having concluded the introduction of their evidence and rested, comes now the defendants and move the Court to instruct the jury to return verdicts of not guilty as to each of them on each and every count of the indictment, which motion is by the Court denied, to which ruling of the Court defendants, and each of them, except."

The foregoing is apparently taken from the clerk's entries and is not signed or in anywise authenticated by the trial judge.

The bill of exceptions does not contain any motion for directed verdicts of not guilty, nor any request for a peremptory charge of not guilty, nor any ruling of the court on such motion or request.

 Motions for a directed verdict, requests for a peremptory charge, instructions given and instructions refused in criminal and law actions are not a part of the record proper, which consists of the pleadings, process, verdict, and judgment. Buessel v. United States (C. C. A. 2) 258 F. 811, 815; Clune v. United States, 159 U. S. 590, 593, 594, 16 S. Ct. 125, 40 L. Ed. 269; United States v. Taylor, 147 U. S. 695, 698, 699, 13 S. Ct. 479, 37 L. Ed. 335; Blake v. United States (C. C. A. 1) 71 F. 286; Metropolitan R. Co. v. Columbia, 195 U. S. 322, 332, 25 S. Ct. 28, 49 L. Ed. 219; Eldorado Coal & Min. Co. v. Mariotti (C. C. A. 7) 215 F. 51, 54; Suydam v. Williamson, 20 How. 427, 433, 437, 15 L. Ed. 978. A statement in the transcript of the record that certain instructions were given, or requested and refused, or that a motion for a directed verdict was made and denied, over the certificate of the clerk, avails nothing. Such matters can be brought upon the record only by a proper bill of exceptions. Stockton v. Bishop, 4 How. 155, 166, 11 L. Ed. 918; Metropolitan R. Co. v. Columbia, supra; Clune v. United States, supra. Since it does not appear from the bill of exceptions that motions for directed verdicts were duly made and denied, we are precluded from passing upon the assignments of error predicated thereon.

However, we have carefully examined the bill of exceptions and are of the opinion that the evidence supports the verdicts of guilty on each count of the indictment.

Certain of the errors assigned are predicated on instructions to the jury, given and refused.

The court refused to give defendants' requested instruction to the effect that before the jury could convict the defendants it must find beyond a reasonable doubt that the defendants knew that the ginger extract was fit for beverage purposes and intended it should be so used. The court in its general charge instructed the jury as to the several elements of each of the offenses charged, and included therein the elements of knowledge, fitness of the ginger extract for beverage purposes, and intent that it should be so used. It further charged the jury that the burden was on the Government to establish every element of the offenses charged. It also quoted section 4, title 27 USCA, wherein the element, "fit for use for beverage purposes," is included in the definition of intoxicating liquor.

The Court refused to give defendants' requested instruction to the effect that, before the jury could convict the defendants under the fifth count, it must find that the defendants committed the crime charged in that count at the identical place charged. In its general charge the Court, in reciting the elements of the offense charged in the fifth count, stated the place as 124-126 South Oak Street, Wichita, Kansas, and it further instructed the jury that in passing on that count it could not consider evidence as to any possession or sale of ginger extract at any other place.

The Court refused to give defendants' requested instruction to the effect that evidence of sales of ginger extract by the defendants, other than those charged in counts three and four, had been introduced, and that the jury should consider such evidence only in passing on count five. It is difficult to understand

why counsel urge this refusal as error. The jury was instructed, both at the time such evidence was introduced and in the general charge, that it should consider such evidence only in passing on the offense charged in count five.

■ We are of the opinion that the general charge sufficiently covered the matters included in the requested instructions.

The court charged the jury that if the ginger extract did not conform to the formula set out in the United States Pharmacopoeia and contained more than one-half of one percent of alcohol by volume, it should be classified as intoxicating liquor. It is urged that this portion of the charge was erroneous because it omitted the element, "fit for use for beverage purposes." No objection or exception was taken to this portion of the charge.

■ Alleged errors during the progress of the trial should be called to the trial court's attention by specific objection and exception in order that it may have the opportunity to correct the error. In the absence of such specific objection and exception, alleged trial errors ordinarily will not be reviewed on appeal. Order of United Commercial Travelers of America v. Greer (C. C. A. 10) 43 F.(2d) 499, 502; Chicago, M. & St. P. R. Co. v. Harrelson (C. C. A. 8) 14 F.(2d) 893, 896; American Sugar Refining Co. v. Nassif (C. C. A. 1) 45 F.(2d) 321, 326.

■ There is a well recognized exception to this general rule that in criminal cases involving the life or liberty of the accused, the appellate courts of the United States may notice and correct serious errors in the trial of the accused, fatal to his rights, although those errors were not challenged or reserved by objections, motions, exceptions, or assignments of error. Bogileno v. United States (C. C. A. 10) 38 F.(2d) 584, 587; Van Gorder v. United States (C. C. A. 8) 21 F.(2d) 939, 942.

■ However, the alleged error under consideration does not come within the exception. While the challenged portion of the general charge should have included the element of fitness for use as a beverage, the defect was not fatal to defendants' rights because other portions of the charge properly covered the elements of intent and fitness for beverage purposes.

■ During the course of the trial, in a colloquy between the court and counsel for the defendants, the court said, "And you don't want the truth to come out about it." This remark was not judicial and should not have been made in the presence of the jury; but, in view of the clear evidence of guilt, we are of the opinion that it was not so plainly prejudicial as to require a reversal of the judgment. Section 391, title 28 USCA; Horning v. Dist. of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185; Williams v. United States (C. C. A. 8) 265 F. 625; Stunz v. United States (C. C. A. 8) 27 F.(2d) 575, 579; Tingley v. United States (C. C. A. 10) 34 F.(2d) 1, 3.

■ A portion of defendants' brief is devoted to certain comments on the evidence made by the court in its general charge, which were not excepted to and are not embraced within either the original or amended assignments of error. Rule 11 of this court is in part as follows: "Errors not assigned according to this rule may be disregarded, but the court at its option may notice a plain error." We will not notice a proceeding not assigned as error in the absence of an affirmative showing of serious error, resulting in grave injustice to the appellant or in a clearly erroneous judgment. In re Morgan (C. C. A. 6) 26 F.(2d) 183; Radetsky v. Gramm-Bernstein Motor Truck Co. (C. C. A. 8) 4 F.(2d) 965, 968. Here it does not appear that the comments of the Court resulted in injustice to the defendants or in an erroneous verdict.

Ruth McFarland, a witness for the Government, testified that H. R. Haney was engaged in the grocery business at Eldorado, Kansas, and that she was employed by him as manager; that during January, February, and March, 1930, Haney made numerous purchases of ginger extract from A. C. Addis; that when she desired to procure such ginger extract from A. C. Addis she telephoned him at his place of business—which was located at 124-126 South Oak Street, Wichita—and ordered a stated number of cases of peaches; that in response to such orders A. C. Addis sent by truck to Haney the stated number of cases of ginger extract; that she paid therefor by delivering to the truck driver Haney's check made payable to the Addis Wholesale Grocery Company, and that such checks were paid in the regular course of business.

F. C. Cline, a witness for the Government, testified that in January, February, and March, 1930, he owned and operated a drug store in Wichita; that on February 5, 1930, he made a complaint over the telephone concerning the quality of certain ginger extract; that John Addis brought a gallon of ginger extract to his drug store to re-

place it; that he asked John Addis what was the matter with the other ginger extract and said his customers were complaining that they could not drink it; that John Addis stated they had two kinds and if he wanted the best quality to call for John Addis when he telephoned the Addis Wholesale Grocery Company for ginger extract; that on February 15, 1930, he ordered a gallon of ginger extract and A. C. Addis accompanied the boy who brought the order; that he inquired of A. C. Addis if it was the same grade as he got last, or the grade that he got ten days previously; that A. C. Addis said it was the former; that he bought about four gallons of ginger extract a week from the defendants; that he drank some of it on one occasion and it produced the same effect as intoxicating liquor; that it came from the Addis Wholesale Grocery Company, but he did not know whether the delivery was made from the Oak Street address.

In their brief counsel for the defendants urge that this evidence was improperly admitted and should have been stricken on defendants' motion, because

"(1) it was not limited by suitable admonition or instruction to the nuisance count, (2) it tended to prove two independent offenses not charged in the indictment, (3) neither witness testified to any transaction with either defendant, (4) no actual sale was proved, (5) nothing bearing on possession or nuisance at 124-126 So. Oak St. was shown by either witness, (6) the product referred to was not shown to be substandard fluid extract of ginger, (7) it was not shown to be intended for beverage purposes, nor (8) fit for beverage purposes."

As heretofore stated, the jury was properly instructed to consider this evidence only in connection with count five.

 This evidence tended to prove the offense charged in count five rather than independent offenses. The maintenance of a nuisance, as defined in section 33, title 27 USCA, is a continuing offense and implies continuity of action for a substantial period. Hattner v. United States (C. C. A. 6) 293 F. 381, 382; Reynolds v. United States (C. C. A. 6) 282 F. 256, 258; Briggs v. United States (C. C. A. 6) 45 F.(2d) 479. Therefore, the Government was not confined to the specific date charged in count five.

This evidence clearly established sales of ginger extract made by both defendants, and that the orders were placed with the Addis Wholesale Grocery Company. Other evidence showed it was located at 124-126 South Oak Street, Wichita; that on February 28, 1930, the defendants had on hand at that address a large quantity of substandard extract of ginger of the character alleged in the several counts of the indictment; and that A. C. Addis did business under the name of Addis Wholesale Grocery Company. John Addis was advised, from his conversation with the witness Cline, that the latter was purchasing the ginger extract for beverage purposes, and A. C. Addis accepted orders through a code word from Haney. The circumstances were such as to warrant the jury in concluding that the ginger extract was fit for beverage purposes and was sold for use as such.

We conclude that the evidence of McFarland and Cline was material and competent.

We are of the opinion that the record discloses no prejudicial error, and that the evidence clearly established the guilt of the defendants.

Affirmed.