## BOBY v. ZURBRICK, District Director of Immigration.

### No. 6256.

Circuit Court of Appeals, Sixth Circuit.
Dec. 16, 1932.

Ida Lippman, of Detroit, Mich. (Benjamin A. Rossin, of Detroit, Mich., on the brief), for appellant.

V. F. McAuliffe, of Detroit Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

Appellant, George Boby, filed his petition for writ of habeas corpus. He sought to be discharged from arrest under a warrant of deportation directing that he be deported to Roumania. He did not challenge the right of the government to deport him, but insisted that Roumania was not the country "whence he came." See section 20 of the Immigration Act of February 5, 1917, U. S. C., tit. 8, § 156 (8 USCA § 156).

At the hearing the District Court dismissed the writ. Appellant has preserved nothing for review. No bill of exceptions nor statement of evidence has been "authenticated" or "approved" by the trial judge. The record contains what purports to be a stipulation, that at the hearing "United States Department of Labor File No. 55,717 was offered and received in evidence," and a further stipulation that this record be certified to us and made a part of the record on appeal. What purports to be such a file has been sent to us, but it was not ordered to be sent either by the District Court or by this court. It bears no identification marks showing that it was ever considered by the District Court. Indeed, the record entries show only that the petition for the writ of habeas corpus was dismissed after it was read and after the attorney for petitioner had been heard. For the reasons indicated, this file No. 55,717 cannot be considered. Dukas v. Zurbrick, 56 F.(2d) 518 (C. C. A. 6).

The stipulation last above referred to also purports to set forth other evidence and proceedings before the District Court, but it cannot take the place of the authentication or approval by the trial judge necessary to make its contents a part of the record. Malony v. Adsit, 175 U. S. 281, 287, 20 S. Ct. 115, 44 L. Ed. 163; Metropolitan R. R. Co. v. District of Columbia, 195 U. S. 322, 332, 25 S. Ct. 28, 49 L. Ed. 219; Buessel v. U. S., 258 F. 811, 817 (C. C. A. 2). Annexed to this stipulation is the name and official title of the judge, but we cannot assume that he signed the paper as an authentication or approval of it as a part of the record.

Because of the insufficiency in the record in the particulars indicated, the order of the District Court must be and is affirmed.