## BARTON v. AUTOMOBILE INS. CO. OF HARTFORD, CONN.

### No. 2768.

Circuit Court of Appeals, First Circuit.

Feb. 18, 1933.

Peter T. Dolan, of Boston, Mass., for appellant.

George B. Rowell, of Boston, Mass. (Richard J. Cotter, Charles F. Albert, and Warner, Stackpole, Bradlee & Cabot, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This case involves so many irregularities of procedure that, in order properly to dispose of the case, it will be necessary to outline the proceedings. It comes here on a petition for an appeal allowed by this court after a denial of the petition by the District Court of Massachusetts, and on what purports to be a record of the proceedings below, but which is merely a chronological recital of what transpired in the District Court, unauthenticated by the signature of the trial court.

The plaintiff seeks to recover under a policy of insurance issued by the appellee in favor of the appellant, for alleged loss by fire of certain works of art consisting of paintings by famous artists, and alleged to be of the value of $184,250.

According to the statement of the plaintiff, the action was brought in the superior Court of Massachusetts and duly transferred to the federal District Court for the District of Massachusetts. The defendant then filed in the District Court a demurrer to the declaration and a motion for specifications.

The District Court, upon hearing, overruled the demurrer, but ordered certain of the requests for specifications to be complied with. The plaintiff complied with the order of the court; whereupon the defense again filed a demurrer to the declaration, the District Court sustained the second demurrer, but allowed the plaintiff to amend.

While an exception was taken to the sustaining of the second demurrer, it was waived by filing an amendment to the declaration, which, since no further objection was raised to the amended declaration, must be considered as having supplied the defect upon which the demurrer was sustained. Neither do specifications serve the purpose of amendments, nor render a good declaration bad. Dunlop v. United States, 165 U. S. 486, 491, 17 S. Ct. 375, 41 L. Ed. 799; Commonwealth v. Davis, 11 Pick. (Mass.) 432.

Upon the allowance of the amendment, defendant moved for additional specifications, and with certain exceptions they were ordered filed. With one exception the plaintiff complied, though not in all cases, to the satisfaction of the defendant. Many of the specifications ordered did partake of the nature of interrogatories, but with one exception, viz. whether the plaintiff relied on a letter written October 11, 1930, as its claim and proof of loss referred to in the declaration, no objection to answering was raised by the plaintiff on any ground.

No complaint for failure to specify further as to this request was made by the defendant, but its counsel filed a motion to strike out the answer to the request for a specification as to whether the plaintiff received a letter of a certain date, to which plaintiff answered "No," on the ground that the answer was untrue. No action was taken by the District Court on this motion; it may be because the truth of it was a matter to be determined by the evidence. A motion, however, was also made by the defendant to strike out another answer to its request for specifications on the ground that it was frivolous and inadequate and misleading. No action appears to have been taken on this motion, unless it is to be inferred from the order of nonsuit.

The defendant, as a part of its motion to strike out plaintiff's answer that he did not have in his possession a copy of a letter from counsel for the defendant dated October 18, 1930, addressed to a former attorney for the plaintiff, which answer it characterized as untrue, prayed that the plaintiff become nonsuited, or be instructed to attach to his specifications a copy of the letter.

At a hearing on this motion, without acting on the motion to strike out, or to order a copy of the letter to be attached to his answers, the plaintiff was ordered nonsuited without any reason being assigned therefor. A jury trial being called for, it could only have been done on the ground that the plaintiff had failed to comply fully with the orders of the court. Langwa v. Gorton-Pew Vessels Company (C. C. A.) 59 F.(2d) 315.

A motion was then filed by the plaintiff to strike out the nonsuit, which was denied, no one appearing in support of the motion.

What purports to be a printed record sets forth that the plaintiff then filed a petition for appeal, which was refused by the District Court, whereupon he filed the petition for appeal with a member of this court, which was granted.

It is urged by the defendant that the appeal should be dismissed for the following reasons:

(1) That no question of law is properly raised before the court on the plaintiff's appeal.

(2) That no bill of exceptions was ever filed by the plaintiff in accordance with the requirements of law.

(3) That no bill of exceptions was ever allowed as required by law.

(4) That no appeal was taken from the original order, and that consequently there is nothing before the court upon this appeal.

The chief ground for the dismissal of the appeal is that no bill of exceptions was presented to the District Court, and, of course, none was allowed. Plaintiff's counsel contends that no bill of exceptions was necessary where errors were apparent on the face of the record. It is true that, if the term "record" is used in its strict sense as relating to the pleadings, process, verdict, and judgment in the trial court, none is necessary if error appears therein, Met. R. R. Co. v. District of Columbia, 195 U. S. 322, 332, 25 S. Ct. 28, 49 L. Ed. 219; Ana Maria Sugar Co. v. Quinones (C. C. A.) 251 F. 499; but the cases cited by counsel in support of his contention are either equity cases, in which no bill of exceptions is necessary in case of an appeal, or criminal cases, where the courts, when human life or liberty are at stake, sometimes dispose of the case on errors appearing in the record, though the point is not raised in the assignment of errors. Davis v. United States (C. C. A.) 9 F.(2d) 826, 830.

If error had appeared in sustaining the demurrer, and it had been assigned as error, it could have been urged in this court, though no bill of exceptions was filed; but in this instance the plaintiff not only amended his declaration, but the ruling of the court sustaining the demurrer is not relied upon as error, even if it could be.

The plaintiff assigns as errors:

(1) The District Court erred in ruling that the plaintiff answer specifications which in their nature were interrogatories.

(2) The District Court erred in depriving the plaintiff of a trial by jury.

(3) The District Court erred in compelling the plaintiff to answer over again after he had already answered "No" to the defendant's specification.

(4) The District Court erred in ordering the plaintiff nonsuited involuntarily.

(5) The District Court erred in ordering judgment entered for the defendant.

(6) The District Court erred in not allowing the plaintiff any time to answer over again after he had already answered "No."

If we could consider the plaintiff's assignments of error, the first assignment has no merit, as the plaintiff not only raised no objection to the orders of the District Court requiring specifications to be filed, but filed specifications.

As to the second assignment, if the District Court ordered the nonsuit because

634

the plaintiff had not complied in all respects with its orders, it was within its rights under the Massachusetts statute (G. L. Mass. c. 231, § 70) and practice, which it had a right to follow under the Conformity Act (28 USCA § 724), which permits a nonsuit if specifications are not filed as and when ordered. The filing of specifications and whether the order of court is complied with is a matter within the discretion of the trial court. Dunlop v. United States, supra; Rosen v. United States, 161 U. S. 29, 35, 16 S. Ct. 434, 480, 40 L. Ed. 606; Alaska S. S. Co. v. Katzeek (C. C. A.) 16 F.(2d) 210, 211; Commonwealth v. Giles, 1 Gray (Mass.) 466.

In the case of Langwa v. Gorton-Pew Vessels Company (C. C. A.) supra, page 315 of 59 F.(2d), the situation was reversed. There the Massachusetts practice did not permit an involuntary nonsuit in case of a jury trial, and the court followed the Massachusetts practice in reversing the order of the District Court.

Assignments 4 and 5 are without merit for the same reasons.

There was no order of the court requiring the plaintiff to answer "Yes" to the specification which the defendant contended was not answered truthfully, and to which the plaintiff answered "No."

That the plaintiff was arbitrarily thrown out of court and there was an arbitrary exercise of discretion has some support in the recital of facts presented to this court; but no such question of law is here properly presented, for there is no bill of exceptions and no authentication of the record by the trial judge. To sustain the plaintiff's contentions, we must disregard all the rules laid down as to the procedure in bringing cases before this court and in presenting questions of law on appeal.

■ While, since the Act of 1928 (28 USCA §§ 861a, 861b) was passed, all cases come before this court on appeal, yet the distinction in procedure as between cases formerly reviewable on writs of error and on appeal is still maintained. See rule 46 of Supreme Court, 286 U. S. 630 (28 USCA § 354). In a case formerly required to be brought to this court by writ of error, if some issue is raised other than on the pleading, process, verdict, or judgment, which constitute the "strict record" at common law in the court below, it must be done by a bill of exceptions, in which the facts or proceedings below, in addition to the "strict record" and in connection with which the rulings excepted to were made, must be made to appear. Chicago Great Western R. Co. v. Le Valley (C. C. A.) 233 F. 384, 386; Inglee v. Coolidge, 2 Wheat. 363, 4 L. Ed. 261; Ana Maria Sugar Company v. Quinones, supra, affirmed 254 U. S. 245, 41 S. Ct. 110, 65 L. Ed. 246; Reilly v. Beekman (C. C. A.) 24 F.(2d) 791.

■ This case is one where formerly a writ of error was necessary to present issues of law to the appellate court, and to bring up the rulings of the District Court by which the plaintiff claims to be prejudiced, a bill of exceptions was plainly necessary, which must be signed as allowed by the trial judge, except as provided in section 776, USCA, tit. 28.

In Nalle v. Oyster, 230 U. S. 165, 176, 33 S. Ct. 1043, 1045, 57 L. Ed. 1439, the Supreme Court said:

"The practice of bills of exceptions is statutory. By the ancient common law, a writ of error lay only for an error in law apparent upon the judgment roll,—what is now called the 'strict record,'—or for an error in fact, such as the death of a party before judgment. See Green v. Watkins, 6 Wheat. 260, 262, 5 L. Ed. 256, 257. For an erroneous decision that did not appear upon the record there was no redress by writ of error. To relieve this, the statute of Westminster 2, 13 Edw. I, chap. 31 (1 Eng. Stat. at L. 99; Bacon, Abr., title 'Bill of Exceptions'), was enacted more than six hundred years ago, providing that one who alleged an exception should write it out and require the justices to put their seals to it."

Again that court said in Met. R. R. Co. v. District of Columbia, 195 U. S. 322, at page 332, 25 S. Ct. 28, 32, 49 L. Ed. 219:

"Finally, there is a claim of error in the instructions, but the difficulty with this is that they are not legally before us. True, there appears in the transcript that which purports to be a copy of the charge, marked by the clerk as filed in his office among the papers in the case; but it is well settled that instructions do not in this way become part of the record. They must be incorporated in a bill of exceptions, and thus authenticated by the signature of the judge. This objection is essentially different from that of the lack or the sufficiency of exceptions. An appellate court considers only such matters as appear in the record. From time immemorial that has been held to include the pleadings, the process, the verdict, and the judgment, and such other matters as, by some statutory or recognized method, have been made a part of it."

This court said in Ana Maria Sugar Co.

v. Quinones (C. C. A.) supra, at page 504 of 251 F.:

"But errors in rulings of law occurring in the course of a trial are not a part of the record proper, and in order that they may be reviewed on writ of error by an appellate court must be excepted to at the time they are made (Walton v. United States, 9 Wheat. 651, 657, 6 L. Ed. 182; Railway v. Heck, 102 U. S. 120, 26 L. Ed. 58; Newport News & Mississippi Valley Co. v. Pace, 158 U. S. 36, 15 S. Ct. 743, 39 L. Ed. 887), and incorporated into the record by a bill of exceptions or other equivalent proceeding."

In Young v. Martin, 75 U. S. (8 Wall.) 354, at page 357, 19 L. Ed. 418, the Supreme Court said:

"To be of any avail, exceptions must not only be drawn up so as to present distinctly the ruling of the court upon the points raised, but they must be signed and sealed by the presiding judge. Unless so signed and sealed, they do not constitute any part of the record which can be considered by an appellate court."

The sealing, of course, is no longer necessary. The rule as to the practice in bringing issues of law before the appellate courts, where the error does not appear in the "strict record," is well stated in Chicago Great Western R. Co. v. Le Valley (C. C. A.) 233 F. 384, 387, where the court said:

"It is a familiar and an established rule of practice of the federal courts that in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings upon motions, oral or written, to strike out parts of pleadings, rulings upon motions based on affidavits or evidence and rulings on written or oral requests for instructions to the jury founded upon evidence. * * *

"And neither the filing of a written motion founded on evidence, nor the recital by the clerk in his record of the proceedings of the trial of a case of such a motion, or of an exception to a ruling upon it, makes them a part of the record in the case, so that an appellate court may review the ruling."

A chronological statement of proceedings below as the appellant claims they transpired cannot avail the plaintiff in presenting a question of law to this court. O'Connell v. United States, 253 U. S. 142, 146, 40 S. Ct. 444, 64 L. Ed. 827; Exporters of Manufac-

turers' Products, Inc., v. Butterworth-Judson Company, 258 U. S. 365, 368, 42 S. Ct. 331, 66 L. Ed. 663; Norris v. Goodcell (D. C.) 17 F.(2d) 181, 183; Spracklen et al. v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 7 F.(2d) 468, 469; Ana Maria Sugar Company, Inc., v. Quinones, supra; Chicago Great Western R. Co. v. Le Valley, supra; Ballestrero v. United States (C. C. A.) 5 F.(2d) 503; Davis v. United States, supra; Buessel v. United States (C. C. A.) 258 F. 811, 818; People of Porto Rico v. Emmanuel, Baron Du Laurens d'Oiselay, 235 U. S. 251, 255, 35 S. Ct. 33, 59 L. Ed. 215; Fraina et al. v. United States (C. C. A.) 255 F. 28; Rosen et al. v. United States (C. C. A.) 271 F. 651; Allemanni v. United States (C. C. A.) 273 F. 523; McGrath et al. v. United States (C. C. A.) 275 F. 294.

In case of erroneous rulings of law, a litigant is entitled to appeal as of right, but the trial court cannot be compelled to allow it, unless the litigant complies with the law in presenting his petition for appeal. In re Graves (C. C. A.) 270 F. 181. If he is refused an appeal by the District Court, and an appeal is granted by this court, still the issues of law can only be raised in this court in accordance with the law and the settled practice. A bill of exceptions is just as necessary in one case as in the other, if the issue arises outside the pleadings, process, verdict, and judgment.

The plaintiff in this case has failed to present a bill of exceptions bringing before this court the facts necessary to determine the issues of law raised by him in his assignment of errors. It cannot be done by the appellant on mere recital of the facts he relies on, or a chronological history of the proceedings below, even if agreed to by his opponent. It can only be done by a bill of exceptions allowed by the trial judge. Reilly v. Beekman, supra. We cannot conceive of a trial judge refusing to allow a proper bill of exceptions. In case of such refusal, however, mandamus to compel would lie.

If there was error in the strict record, this court might take notice of an error not assigned, but, where no error appears in so much of the record as is before this court, we cannot take notice of any alleged error appearing in a recital of the proceeding below, which is not authenticated by the signature of the trial judge.

As no question of law is properly presented to this court on plaintiff's appeal,

The order of the District Court is affirmed, with costs.