CHICAGO, R. I. & P. R. CO. v.
STUDE et al.

STUDE v. CHICAGO, R. I. & P. R. CO.

STUDE et al. v. CHICAGO, R. I. &
P. R. CO.

Nos. 10724–10726.

United States Court of Appeals
Eighth Circuit.

June 17, 1953.

Gardner, Chief Judge, dissented.

———◆———

A. B. Howland, Des Moines, Iowa (R. L.
Read and B. A. Webster, Jr., Des Moines,
Iowa, were with him on the brief), for Chicago, R. I. & P. R. Co.

Raymond A. Smith, Council Bluffs, Iowa, and Harold W. Kauffman, Omaha, Neb. (Philip J. Willson, John M. Peters, Council Bluffs, Iowa, G. C. Wyland, Avoka, Iowa, Daniel J. Gross, Omaha, Neb., and Dorothy O'D Martin, Atlantic, Iowa, were with them on the brief), for Archie C. Stude, et al.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

COLLET, Circuit Judge.

On petition for rehearing it is asserted that we should have treated the appeal from the award of the sheriff's commission to the United States District Court, and the subsequent filing of a complaint in the United States District Court, as an original proceeding in that court and should have held that the United States District Court had jurisdiction on grounds of diversity of citizenship, as was done in Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L. Ed. 1424. In our judgment there is no justification for placing that interpretation on the record. The condemnor did not file its action in the United States District Court, as was done in the Burford case. It strictly followed the Iowa procedure for initiating a condemnation suit in the Iowa state courts. The complaint that was filed in the United States District Court after the appeal was lodged there was required by the Iowa statute, and a similar complaint was filed in the Iowa District Court after the appeal to that court. The complaint filed in the United States District Court cannot be treated as having created an original action in the federal court. It is correct, as the Rock Island contends, that the Iowa legislature could not restrict or enlarge the jurisdiction of the federal court by procedural statutes, and we must not be understood to have so held. It may well be that if this action had been commenced in the United States District Court, that court would have had jurisdiction. But actions are not initiated in the federal courts by filing with a sheriff a request that he appoint commissioners to assess damages. It might also be that if the action had been

initiated in the federal court that that court would have followed the Iowa procedure under Fed.Rules Civ.Proc. rule 71A, 28 U.S.C.A. But it was not asked to do so. And we do not pass upon that question because it, like the question of whether the action could have been initiated in the federal court, is not in the case.

The petition for rehearing must be and is denied.

Chief Judge GARDNER is of the opinion that the petition should be granted.

GARDNER, Chief Judge (dissenting).

I am not in accord with the views of the majority of the court as above expressed. The primary facts as distinguished from the interpretation of those facts are fairly recited in the original opinion, 204 F.2d 116, 122, and need not be here repeated.

In our original opinion, referring to the contention of the Rock Island that the District Court had original jurisdiction in the proceeding, we said:

"The question of whether the Rock Island could have initiated the proceedings in the United States District Court is not before us for the simple reason that it did not do so and hence the propriety of such action is not presented. We express no opinion on that subject."

This pronouncement is vigorously challenged by the petition for rehearing, and in the foregoing opinion by the majority of this court this position is reaffirmed in the following words:

"On petition for rehearing it is asserted that we should have treated the appeal from the award of the sheriff's commission to the United States District Court, and the subsequent filing of a complaint in the United States District Court, as an original proceeding in that court and should have held that the United States District Court had jurisdiction on grounds of diversity of citizenship, as was done in Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424. In our judgment there is no justification for placing that interpretation on the record. The con-

demnor did not file its action in the United States District Court, as was done in the Burford case."

It is clear that the question presented is as to the jurisdiction of the District Court. There was diversity of citizenship and the amount involved exceeded the jurisdictional requisite. The authority to determine the requisites to jurisdiction in the Federal courts in diversity of citizenship cases is vested in Congress. By Section 1332, Title 28 U.S.C., it is provided that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,-000 exclusive of interest and costs, and is between: (1) Citizens of different States: * * *." If these prerequisites exist the court is without authority to deny access to the Federal court to any litigant having the qualifications fixed by Congress.

It is said in the majority opinion that the original jurisdiction of the District Court was not invoked by the Rock Island. It is true it had complied with the Iowa statute by proceedings before a Sheriff's Commission and those proceedings were not of a judicial character. The Iowa statute, however, provides that unless an appeal is taken within the specified period the award so made shall become final and an appeal to the State District Court was perfected in accordance with the Iowa statute. Notice of appeal to the United States District Court was served and I think that was a nullity. However, the jurisdiction of the trial court was not invoked by the service of this notice of appeal but it appears from the record and stands without dispute that "On March 7, 1952, the Chicago, Rock Island and Pacific Railroad Company filed in the office of the Clerk of the United States District Court for the Southern District of Iowa, Southern Division, the following Complaint." The complaint alleges diversity of citizenship; it alleges that the amount or value involved exceeds $3,000, exclusive of interest and costs; it alleges facts showing that the Rock Island was authorized by proper certificate from the Interstate Commerce Commission to construct a new line of railroad; that it had been authorized to institute condemnation proceed-

ings for the lands described in the complaint; that pursuant to provisions of the Iowa statute it had instituted proceedings in eminent domain before the sheriff of Pottawattamie County, Iowa; that an award had been made which it is alleged was excessive. The complaint ends with the prayer.

"Wherefore, plaintiff prays that upon the trial of this cause the damages sustained by the lands of Archie C. Stude, by reason of the appropriation of the lands hereinbefore described, be fixed at not to exceed $10,000, and that plaintiff have such further relief as may be just and proper under the circumstances."

Not only was this complaint filed but the record recites that "Summons was issued by the Clerk of the United States District Court for the Southern District of Iowa on March 7, 1952, addressed to Archie C. Stude, William Lumpkin and Pottawattamie County, in the usual form, citing the defendants named 'to answer the Complaint, copy of which is herewith served upon you, within twenty days after service of this summons upon you.'" The record also shows that the summons was served by the United States Marshal on all defendants.

The Federal Rules of Civil Procedure, promulgated by the Supreme Court pursuant to congressional authorization and hence having the effect of law, provide the manner in which the jurisdiction of the District Court shall be invoked.

Rule 3 provides:

"A civil action is commenced by filing a complaint with the court."

Rule 4(a) provides:

"Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants."

After the proceedings before the Sheriff's Commission had been had this proceeding became a civil action. Lewis, Eminent Domain, Vol. 2, 3rd Ed., Sec. 513; Metropolitan R. Co. v. District of Columbia, 195 U. S. 322, 25 S.Ct. 28, 49 L.Ed. 219; Chappell v. United States, 160 U.S. 499, 16 S.Ct. 397, 40 L.Ed. 510; Kohl v. United States, 91 U. S. 367, 23 L.Ed. 449. Plaintiff, having exhausted its administrative remedies provided by the Iowa statute, had at the time of filing its complaint a civil action, and the allegations of the complaint plainly show that it was invoking the jurisdiction of the Federal Court on the ground that a diversity of citizenship existed and the requisite amount to confer jurisdiction was involved. In other words, these allegations of the complaint were the basis of its right of access to the Federal Court—not that it was in Federal Court because it had appealed from the Commissioners' award. The mere fact that the attempted appeal from the commissioners' award was not warranted and did not in itself confer jurisdiction, did not preclude the Rock Island from invoking the original jurisdiction of the Federal Court on the grounds set out in its original complaint. All the essentials to jurisdiction designated by Act of Congress being present, it seems illogical to hold that the court has been deprived of that jurisdiction and that plaintiff has been deprived of the right of access to the Federal Court which by legislative act it is entitled to.

A somewhat similar situation was presented to the Supreme Court in Burford v. Sun Oil Co., supra [316 U.S. 315, 63 S.Ct. 1099]. In passing it may be noted that this case was not cited in appellant's original brief and was not otherwise called to our attention until petition for rehearing. In the course of the opinion in that case it is among other things said:

"Jurisdiction of the federal court was invoked because of the diversity of citizenship of the parties, and because of the Companies' contention that the order denied them due process of law. There is some argument that the action is an 'appeal' from the State Commission to the federal court since an appeal to a State court can be taken under relevant Texas statutes; but of course the Texas legislature may not make a federal district court, a court of original jurisdiction, into an appellate tribunal or otherwise expand its

jurisdiction, and the Circuit Court of Appeals in its decision correctly viewed this as a simple proceeding in equity to enjoin the enforcement of the Commission's order."

In that case, as in the instant case, proceedings had been had before a commission and there was an attempted appeal to the Federal Court but the plaintiff had, as in the case at bar, filed an original complaint and jurisdiction was invoked by the filing of that complaint. I think there is no warrant for the assertion that in this case the plaintiff did not institute an original proceeding in the Federal Court by the filing of its complaint. All the prerequisites to that jurisdiction were present. Not only were all the necessary prerequisites of jurisdiction present but the jurisdiction has been invoked in literal compliance with the Federal Rules of Civil Pocedure. In these circumstances I am of the view that the Chicago, Rock Island and Pacific Railroad Company can not lawfully be denied access to the Federal Court.

I would grant the petition for rehearing.